# WM. G. ALBRECHT

*vs.*

# STATE OF MARYLAND.

*Recognizance: need not be signed; read and entered by clerk in docket; transcript of record and docket entries; form of judgment with fi. fa. upon forfeiture of recognizance.*

A recognizance is a short memorandum on the record made by the court, judge or magistrate having authority, which need not be signed by the party to be bound.　　　　pp. 154-155

It need not be written out in full on the records of the court, nor filed therein in the precise language used when the parties entered into it.　'　　　　　　　　　　　　p. 155

The practice is for the clerk to read or repeat in the presence of the court a recognizance in the form substantially as that given in Evans' practice; the clerk then makes the entries on the docket, the minutes or both, as is necessary to show the material parts of the recognizance, such as the amount, the charge, the time for appearance of the accused, etc., when that is the purpose of the recognizance.　　　　　　p. 155

And a transcript of the record made from such docket entries is sufficient evidence of the recognizance under the issue of *nul tiel record.*　　　　　　　　　　　　　　　p. 158

A recognizance is an obligation of record, and when a forfeiture is declared and entered by the court it becomes a judgment; it is then, like any ordinary judgment, enforceable by execution.　　　　　　　　　　　　p. 157

The form of judgment in *fieri facias* upon a forfeited recognizance should be that the execution for the fine and costs be continued in effect, and there should not be a personal judgment entered against the cognisor.　　　　p. 159

*Decided January 16th, 1918.*

Appeal from the Superior Court of Baltimore City. (DOBLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*William Ewin Bonn* (with whom was *Edwin C. Carrington*, on the brief), for the appellant.

*Frank Gosnell* (with whom was *Albert C. Ritchie, the Attorney-General*, and *Frank Gosnell, Jr.*, on the brief), for the appellee.

BOYD, C. J., delivered the opinion of the Court.

A writ of *fieri facias* was issued out of the Circuit Court for Anne Arundel County against Joe Barrett and William G. Albrecht, directed to the Sheriff of Baltimore City and returnable to the Superior Court of that city, which was levied on property of said Albrecht. Amongst the recitals in the writ it is stated that the State of Maryland on November 12, 1912, recovered against said Barrett a judgment for $100.00 and costs, and that on that day he entered into recognizance with the State in the sum of $200.00 with Albrecht as surety for the payment of said judgment, fine and costs within sixty days from date as provided by law, and that on July 21st, 1913, the recognizance was forfeited. Nine pleas were filed by Albrecht which were intended to present the defense of *nul tiel record*, and were so treated. The case was tried before JUDGE DOBLER in the Superior Court, who sustained the validity of the recognizance.

Two exceptions were taken—one to the refusal of the Court to strike out certain testimony admitted subject to exception, and the other to the refusal of the Court to grant three prayers offered by Albrecht, but the important ques-

tion is, whether the record disclosed a valid recognizance, such as was set out in the writ. The State relies on sections 39 and 40 of Article 87 of the Code for the authority to take such recognizance. Section 39 makes the Sheriff responsible for all fines, penalties and forfeitures imposed by a Court of record of this State on the inhabitants of his county, or of Baltimore City, as the case may be, unless he can show that the party on whom the same was imposed is insolvent, and section 40 provides that he may require the State's Attorney to issue an execution for the fines, penalties or forfeitures so imposed and the costs, "provided that any person adjudged to pay a fine or penalty may enter into a recognizance with security for the payment of the same and costs within sixty days and no execution shall issue for the same until the expiration of the sixty days."

At the trial, the State offered what purported to be a transcript of the record in the case. That included the presentment, the indictment, a plea of guilty on the first count and the sentence to pay a fine of $100.00 and costs, the docket entries, and what purport to be the proceedings set out at length in reference to the recognizance alleged to have been entered into. There then follow an order from the Sheriff to the State's Attorney requiring him to issue an execution against Barrett and Albrecht, an order of the State's Attorney to issue execution, and later a memorandum of the forfeiture of the recognizance on the 21st of July, 1913, and then on the 30th of July, 1914, another order of the State's Attorney to the clerk to issue execution and send it to the clerk of the Superior Court of Baltimore City. The clerk of the Court certified under his hand and seal "that the aforegoing is a true copy of the record of the proceedings in the above entitled case."

The appellant denies that he entered into such a recognizance, and a witness called by him confirmed his testimony as to what occurred. He also called William M. Woodward, a deputy clerk of the Circuit Court for Anne Arundel County,

who produced the presentment, the indictment, a bill for the costs and fine, on the back of which were instructions from the Sheriff to the State's Attorney to issue execution, and formal order from the State's Attorney that execution issue. He said: "These are all the papers I have," and then his testimony in the record is as follows: "Q. Have you a bail bond or recognizance? A. We don't have bail bonds. We use recognizances in open Court. Q. No written recognizances? A. Not where it is taken in open Court. This was in open Court; done by direction of the Court. The clerk takes a recognizance by direction of the Court. This was done in open Court. I am the clerk; the judge was on the bench. It was all done right in open Court. The Court directs the clerk to take recognizances. The judge had directed the clerk to take the recognizance * * *. Now I remember the State's Attorney impressed on Mr. Albrecht what he was to do, called his attention to what he was doing, and that he might be liable for this fine and costs if not paid in sixty days. That occurred in my presence in Court when the recognizance was taken. Q. (By Mr. Gosnell) : This record represents truly what took place? A. Yes, of course it does; it is entered short here and the clerk spreads it out on the docket."

If the certified copy of the record is correct, there can be no question about the sufficiency of the recognizance. But, while the record of this appeal is not very clear, the attorney for the appellant contends, and the testimony of Mr. Woodward would seem to justify the contention, that there is not in the papers in the case, or in the records of the Court, a full statement of the recognizance, as set forth in what purports to be a true copy of the proceedings. Mr. Woodward said that they did not have written recognizances when taken in open Court. Assuming that to be correct, and without determining whether a certified copy of what purports to be a true copy of the proceedings can be thus attacked, what is the result? The docket entries applicable to the question are as follows:

"1912, Nov. 12.—Plead guilty on first count, and State abandons second count, and sentenced to pay a fine of $100 and costs, and committed to the custody of the Sheriff of Anne Arundel County until fine and costs are paid or be discharged by due course of law. 1912, Nov. 12th.—Released from custody upon entering into a recognizance in the sum of $200.00 with William G. Albrecht, surety, to pay the fine and costs within sixty days from date."

It would seem that what appears in the certified copy of the record is the formal and full statement of what was done, as shown by the docket entries, as to all material matters, and we find in the certified copy the proceedings which took place described and referred to in the way that clerks in this State are accustomed to do. Every clerk of any experience knows the forms of recognizances he uses as well as he does the oaths he administers to witnesses, jurors and others, and when his docket entries are as full as these are, as to this alleged transaction, it would be exceedingly technical to hold that a recognizance was a nullity because it was not written out in full on the records of the Court, or filed therein in the precise language used when the parties entered into it. The oath administered to the foreman of the grand jury is a lengthy one, but when the clerk enters in the minutes that the grand jurors were sworn he does not set out the oath in full. It is, of course, important that the records accurately show enough to enable the clerk to make out the more formal statement of them in making up a record for another Court, and to answer all other purposes, but all such matters are thoroughly familiar to experienced clerks, and such books as *Evans' Harris* and *Harris' Entries* are good guides to keep them in the line of the established practice, although perhaps many of the forms found in them could well be made shorter and more intelligible to the average person.

"In form it (a recognizance) is a short memorandum on the record, made by the Court, judge or magistrate having

authority, which need not be signed by the party to be bound." *Bouvier's Law Dictionary*, 423. So far as we are aware it has never been the practice in this State for the parties entering into it to sign a recognizance, and there is no statute requiring that to be done. "A recognizance proper need not be signed unless a statute or the local practice requires it, nor is a seal required." 3 *Ency. of Pl. and Pr.* 227. The practice in the Circuit Courts in the counties is for the clerk to read or repeat, in the presence of the Court, the recognizance, the form of which is substantially the same as that given in *Evans' Harris,* but it has not been considered necessary to its validity to have a formal recognizance written out or filled up in advance, and unless there be some rule of Court or established practice requiring that to be done, we do not deem it necessary. The clerk then makes such entries on the docket, or in the minutes, or both, as are necessary to show the material parts of the recognizance, such as the amount, the charge, the time for appearance of the accused, etc., when that is the purpose of the recognizance. If the clerk, after having taken the recognizance in the presence of the Court, or by its order, as authorized for example by section 39 of Article 26, should not write the recognizance out in full, or fill up a blank form, but did make all essential entries on the docket or minutes of the Court, it would be more technical than the practice in this State would justify, to hold it is for that reason invalid. In the case before us, no one can have any doubt as to the meaning of the entries made by the clerk. The statute, as we have seen, provides that the "person adjudged to pay a fine or penalty may enter into a recognizance with security for the payment of the same and costs within sixty days." The form of such recognizance can be very short and there can be no reason why it can not be entered on the docket, as well as on any other record in the custody of the clerk. The entries made by the clerk show that this party was on November 12, 1912, sentenced to pay a fine of $100 and costs, and on the same day he was

released from custody "upon entering into recognizance in
the sum of $200.00 with William G. Albrecht, surety, to
pay the fine and costs within sixty days from date." The
State is of course the cognizee in such a recognizance—
regardless of who may get the fine, or any part of it. The
sheriff is by the statute required to collect it. What more
could be needed? As we have seen it is not necessary, and
is not the practice in this State for the parties to sign the
recognizance, and it could make no possible difference to the
traverser, *or the surety,* whether the clerk merely made such
entries as those above quoted, or whether he wrote out in
full, or filled a printed blank containing the language or the
substance of the form given in *Evans' Harris,* or other ap-
proved authority, and then filed that in the papers in the
case, or elsewhere in his office. Parties—especially sureties
—are entitled to all reasonable protection, but to permit one
to escape his obligation under such circumstances as we have
in this case, simply because the recognizance does not appear
to have been written out in full, at the time, although every
essential portion of it is made a part of the records, would
not only ignore the practice of the Court in which it was
taken, as shown by the evidence of the deputy clerk, but would
have a tendency to lessen the respect of intelligent laymen
for the administration of justice. As it was taken in the
presence of the Court, it is to be presumed that the Court
did its duty and saw that it was in due form. The case of
*Schultze* v. *State,* 43 Md. 295, relied on by the appellant, is
not in conflict with what we have said. There the docket
entries referred to were relied on to establish "illegalities
and irregularities" alleged to exist, and JUDGE ALVEY said
that they could not be relied on to prove the actual state of
the record; "and because they do not show that certain pro-
ceedings took place, we are not therefore to conclude that
such proceedings were never had." The docket entries in
that case did not even show the date the party was to appear,
although the recognizance was for the appearance of the

traverser, as recited in the writ of *fieri facias.* "A recognizance is an obligation of record, and when forfeiture is declared and entered by the Court, it becomes a judgment. It is then, like an ordinary judgment, enforceable by execution." One is not forfeited until the parties are duly called, and in this case the appellant had every possible opportunity to make his objection to it before it was forfeited as his own evidence shows. Notwithstanding that he did not take steps in that Court to prevent a forfeiture or have it stricken out after it was entered.

It will not be out of place to cite some of the decisions of this Court showing the practice here as to judgments and how entries on the dockets in reference to them are regarded. Our practice differs so materially from that in many other states as to recognizances, judgments, etc., that we can not be controlled by decisions in such States, and it is unnecessary to refer to them. In this State it is not the practice to enter at length judgments rendered by the Court, but there is a short entry on the docket, sufficient to show all essential facts. It is said in *Anderson* v. *Tuck,* 33 Md. 225, 232: "In our practice judgments are never in fact signed, as in England, but are entered either in the presence or by the express order of the Court, and *the docket is in fact the judgment roll, and all the entries on it are matters of record."* Why that can not apply to the entries referred to in this case, we are at a loss to know. In *Boteler* v. *State,* 8 G. & J. 359, 381, CHIEF JUDGE BUCHANAN stated at some length the practice in this State in reference to judgments, and said: "Exemplifications when required (were) commonly made out, not of records technically, but from the docket entries, minutes of the Court, etc., and it has been the practice of the courts of this State to decide an issue on the plea of *nul tiel record* of the same Court, not by inspection of a record actually made up and produced; but on an inspection of the docket entries, minutes of the Court proceedings, original papers, etc., on file in the cause, the judgment or decree

in which is put in issue, treating them as the record of the Court—which practice this Court is not disposed to disturb." It was said in *Packet Co.* v. *Sickles*, 24 Howard, 341, that: "It appears that in the courts of this district, as in Maryland, the docket stands in the place of, or, perhaps, is the record, and receives here all the consideration that is yielded to the formal record in other States. These memorials of their proceedings must be intelligible to the Court that preserves them as their only evidence, and we can not, therefore, refuse to them faith and credit."

In *Maguire* v. *State*, 47 Md. 485, JUDGE ALVEY said: "This record evidence was offered in the same Court in which the proceedings occurred; and in such case the docket entries being made under the direction or inspection of the Court, when offered in connection with the original papers or files of the Court, stand in the place of the record, and are received in evidence as such record." See also, *Bond* v. *Cit. Nat. Bk.*, 65 Md. 498. As this case was heard in Baltimore City while the original judgment was in the Circuit Court for Anne Arundel County, the proper way to prove the record was by introducing a certified copy, as shown by *Boteler* v. *State, supra,* and the admissibility of the testimony of the deputy clerk as offered was at least questionable. The minutes of the Court were not referred to or produced, but we have considered the case with the assumption that the testimony of the deputy clerk was admissible, and that by his testimony it was shown that there was no record of a recognizance other than what we have quoted from the docket, but we are satisfied that that was sufficient even under an issue of *nul tiel record.*

We can have no doubt about the facts of the case. Barrett had already been convicted, and there was no possible reason why the Court or the State's Attorney would have consented to his giving bail, except to give him an opportunity to pay the fine within sixty days, as authorized by the statute referred to above.

No question was raised about the form of the judgment rendered by the learned Court below. We do not understand just why that was adopted, and are of the opinion that the Court should have ordered that the execution of the State against Barrett and Albrecht for the fine and costs in the writ of *fieri facias* mentioned, as well as for the costs and charges incurred in this proceeding, be continued in effect, and that the Sheriff proceed to make the sale, if the levy is still in force, unless the amount found to be due be paid at once, or if the levy has for any reason become without effect that a new execution issue, or whatever the existing facts require—the record being silent as to them we can not be more definite—but inasmuch as no question was made about it, and we assume that it was only intended to hold that there was a sufficient record of the recognizance and that the State was entitled to recover the amount mentioned in the *fieri facias,* interest and costs, we will not disturb the judgment. It might also well be questioned whether the appellant adopted the proper course to raise the issue as to the record, as section 19 of Article 75, being the one referred to by JUDGE ALVEY in *Schultze* v. *State, supra,* does not in terms cover such a recognizance as this. It only refers to an execution issued on a forfeited recognizance for not appearing. Section 18 authorizing an execution to issue is on the forfeiture of a recognizance to answer or testify. This recognizance was for neither, but as both sides treated the plea of *nul tiel record* as proper and no objection was made to the procedure, we have disposed of the real question in the case, regardless of the way in which it was raised. Assuming that the judgment was not intended to be a personal judgment, but only to fix the amount due, including interest and costs, we will affirm it.

> *Judgment affirmed, the appellant to pay the costs.*