### MORTON M. LAPIDES v. SAUNDRA D. LAPIDES

[No. 341, September Term, 1981.]

*Decided December 4, 1981.*

The cause was argued before MORTON, LOWE and COUCH, JJ.

*Michael Bowen Mitchell* for appellant.

*Steven R. Migdal,* with whom were *Manis, Wilkinson, Snider & Goldsborough, Chartered* on the brief, for Saundra D. Lapides.

*J. Barry Meinster,* with whom were *Meinster, Semel & Meinster* on the brief, for Morton, Jr., and Matthew, minor children.

LOWE, J., delivered the opinion of the Court.

This is an appeal from the Circuit Court No. 2 of Baltimore City by a divorced father of two children questioning whether an attorney's fee awarded to the children's counsel pursuant to Md. Cts. & Jud. Proc. Code Ann. (1974, 1980 Repl. Vol.), § 3-604 was excessive. The mother's cross appeal does not question the amount of the fee but seeks simply to preserve the apportionment of payment in the event we reverse. The father was assessed $7,500.00 of the $10,000.00 fee; the mother was assessed $2,500.00. Her Statement of Facts summarizes that which the record reflects and we will therefore adopt it for our own purpose here.

"The parties, MORTON M. LAPIDES and SAUNDRA D. LAPIDES, entered into a Separation Agreement on September 12, 1978, agreeing to a joint custody arrangement for their two minor children, MORTON M. LAPIDES, JR., and MATTHEW A. LAPIDES. This provision was subsequently incorporated into a Divorce Decree of the Circuit Court for [sic] Baltimore City on September 19, 1978. Thereafter, a two-year period of legal and psychological warfare ensued resulting in the Appellant's obtaining full

custody of the minor children. Since it was evident to all who witnessed or became involved in these proceedings that the minor children had become the obvious pawns in this legal and psychological holocaust, it was necessary for the Court to appoint independent counsel to monitor the legal proceedings on their behalf. Judge Watts, at the time assigned to this case, appointed attorney J. BARRY MEINSTER, who he recognized as an expert in the field of children's litigation, to represent the minor children, and Mr. Meinster participated in all aspects of the trial including the attendance at hearings, depositions and conferences, filing pleadings, conducting interviews, and reviewing numerous legal documents, medical reports, and other materials relevant to the case.

Mr. Meinster filed his Fee Petition at the end of the case alleging that he spent 251.25 hours in the course of representing the minor children and sought an award based upon a fee of $100.00 per hour for his time. Judge Karwacki ultimately awarded Mr. Meinster $10,000.00 representing less than $40.00 per hour for the services and apportioned the award $7,500.00 to be paid by Appellant, $2,500.00 to be paid by Cross-Appellant. In making the apportionment it was evident that the extensive work involved in this case on the part of Mr. Meinster was largely due to the excessive number of pleadings, depositions, conferences, and phone calls generated as a result of Appellant's conduct and participation during the two-year battle. The entire record of the proceedings speaks for itself on that point."

Having used cross appellant's factual recitation, we will look to appellant for what standard he would have us apply under § 3-604, which is a relatively new statute.

"The law governing the case is uncomplicated and well established. In determining the amount for

reasonable counsel fees under these circumstances, the court should make its determination according to 'the ordinary factors of labor, skill, time, and benefit' of the counsel as well as the financial resources of the parties. *Foster v. Foster,* 33 Md. App. 73, 364 A. 2d 65 (1976); *Flanagan v. Flanagan,* 17 Md. App. 90, 299 A.2d 520 (1973); *Quinn v. Quinn,* 11 Md. App. 638, 276 A.2d 425 (1971), *Waters v. Waters,* 191 Md. 436, 62 A.2d 250 (1948). The award of counsel fees by the trial court should be reduced if the appellate court finds that the amount awarded was clearly excessive under the circumstances, *Kapneck v. Kapneck,* 235 Md. 366, 201 A.2d 798 (1964); *Plakatoris v. Bainder,* 204 Md. 223, 103 A.2d 839 (1954); *Renner v. Renner,* 16 Md. App. 143, 294 A.2d 671 (1972); *Quinn v. Quinn,* 11 Md. App. 638, 276 A.2d 425 (1971), or where the evidentiary record is insufficient to establish the reasonableness of the award, *Deckman v. Deckman,* 15 Md. App. 553, 292 A.2d 112 (1972)."

Our careful review of the record indicates that the evidence was sufficient to establish the reasonableness of the award, the court was not clearly erroneous in its determination and the chancellor did not abuse his discretion in setting the fee. Appellant's entire argument would have us view the facts regarding the "ordinary factors" of consideration in fee cases in the light he projects rather than in the objective light used by equity chancellors and, within appellate limitations, by us. In regard to time, labor and skill expended, we do not find that the fee was clearly excessive under the circumstances. The evidence, reflected by more than 700 docket entries, was sufficient to support the reasonableness of the award. *See Zamaludin v. Ishoof,* 44 Md. App. 538, 546 (1980); *Foster v. Foster,* 33 Md. App. 73, *cert. denied,* 278 Md. 722 (1976); *Flanagan v. Flanagan,* 17 Md. App. 90, *aff'd,* 270 Md. 335 (1973).

We find the fee frugal indeed regarding the benefit to the children who were at least partially sheltered against the

legal fallout of this acrimonious custodial explosion. It is certain they will not benefit from their parents' conflicts. While it is not an issue raised in this appeal, we express our hope that latent injuries will not subsequently surface in these children as an aftermath of the atmosphere their parents have created for them.

The exercise of a judge's discretion is presumed to be correct, *Langrall, Muir & Nopp'r v. Gladding,* 282 Md. 397, 401 (1978), he is presumed to know the law, *Hebb v. State,* 31 Md. App. 493, 499 (1976), and is presumed to have performed his duties properly. *Schowgurow v. State,* 240 Md. 121, 126 (1965). Appellant has not overcome that presumption.

Among his prolific arsenal of pleadings, appellant found a Parthian dart to fling at his real or imagined foe, the attorney who was appointed to do that which appellant and his former wife had failed to do — concern himself solely with the best interests of their children so that their parents could indulge themselves in the perverse pleasures of acrimony. He now moves to strike the brief filed by that attorney under the children's names as appellees. Appellant contends that his children have no "standing" in this appeal and "no right to representation in this appeal." He contends that:

> "1. J. Barry Meinster, Esquire was appointed by the Circuit Court No. 2 for [sic] Baltimore City (Karwaski, J.) to protect the best interests of the minor children of Morton M. Lapides and Saundra D. Lapides during the divorce proceedings then pending in that court.
>
> 2. The only issues raised on this appeal concern the award of counsel fees to J. Barry Meinster, Esquire. It should be noted that said minor children cannot be obligated to pay any portion of the fee, regardless of the outcome of this appeal. The issues before this Court can have no effect upon custody or visitation rights, nor can they in any way affect the interests of the minor children.

3. Moreover, J. Barry Meinster, Esquire has not been authorized by said minor children or the Circuit Court No. 2 of Baltimore City to represent the children in connection with this appeal.

4. Therefore, said minor children have no right to representation in this appeal, and J. Barry Meinster has no authority to submit a brief for consideration by this Court.

It is appellant's unfortunate conviction that his children have no right to representation that is the underlying cause of this entire controversy. The facts in the case and the statute clearly indicate the contrary.

"§ 3-604. Appointment of counsel for minors

The court, for good cause, may appoint an attorney to represent a minor in any action brought under this subtitle in which the issue of custody, visitation rights, or the amount of support, is contested and may levy counsel fees against either or both parents as is just and proper under all the circumstances. An attorney appointed to represent a minor may not represent any party to the action."

It is explicit in that statute that the minors are not only entitled to representation, but that their counsel is entitled to compensation from the parents, and it is implicit therein that the children have "standing" to do that which is necessary to protect both counsel and themselves. We fail to see how the children's status in this matter differs from that of a spouse whose attorney has been awarded a fee, who later must defend the award when the judgment is attacked on appeal. *See Danziger v. Danziger,* 208 Md. 469 (1955); *Wallace v. Wallace,* 46 Md. App. 213, 229-230 (1980). Furthermore, appellant had no "standing" to question Mr. Meinster's authority "to represent the children in connection with this appeal." The "good cause" upon which the court based such appointment presupposed a parental abrogation of responsibility necessitating judicial interference to pro-

vide such representation. Implicit in the court-appointed representation of the minors is the right and the responsibility to decide legal matters on their behalf. We will dismiss appellant's "Motion to Strike".

Finally, the minor appellees' counsel has filed a Petition for Fee and Costs with this Court outlining the time, effort and expenditures necessitated by this appeal. We hold that he is entitled to such compensation; however, we are not factfinders and have no means of hearing testimony or reviewing evidence in that or any regard. We will, therefore, remand the case to the chancellor directing him to determine and provide counsel for the children with a fee adequate to compensate him for his efforts required by this appeal. Since it was necessitated solely by appellant, appellant should bear the entire cost of it, just as he will bear the entire cost of this appeal.

*Judgment affirmed.*
*Case remanded for hearing to determine appellate counsel fees for counsel to minor children.*
*Costs to be paid by appellant.*