CONSTANCE YVONNE GRANT, FORMERLY
CONSTANCE G. ZICH v.
ROBERT A. ZICH

[No. 627, September Term, 1982.]

*Decided February 3, 1983.*

The cause was argued before LOWE, WEANT and ADKINS, JJ.

*Glenn M. Cooper* and *Mindy G. Farber,* with whom were *Paley, Rothman & Cooper, Chartered* on the brief, for appellant.

*Alan D. Massengill* for appellee.

ADKINS, J., delivered the opinion of the Court.

On October 28, 1980, appellee Robert A. Zich (Mr. Zich) sued appellant, then Constance G. Zich (Dr. Grant) for *divorce on the ground of voluntary separation.* He also sought a monetary award under § 3-6A-05 of the Courts and Judicial Proceedings Article and determination of the ownership of personal property under § 3-6A-03. Dr. Grant responded. She also sought a monetary award and the determination of the ownership of personal property, as well as alimony.

On December 21, 1981, after proceedings that were both extensive and contentious, the Circuit Court for Montgomery County granted Mr. Zich a divorce *a vinculo matrimonii.* The decree in addition ordered the parties to divide equally the proceeds of sale of their residence, transferred certain personal property to Dr. Grant (over her objections), made a monetary award of $55,000 to Mr. Zich, and denied alimony to Dr. Grant. On January 18, 1982, the chancellor filed a supplemental memorandum and order of court declaring Mr. Zich's civil service retirement account to be marital property to the extent of $19,850. The order further provided that Dr. Grant receive a lump sum payment of half of that amount ($9,925) "if and when the husband begins to collect such benefits. . . ."

On appeal, Dr. Grant contends that the court erred in:

1. making a monetary award in favor of Mr. Zich;

2. transferring ownership of personal property to her without her consent;

3. failing to award her alimony; and

4. making an insufficient and otherwise incorrect award of Mr. Zich's pension benefits.

*Facts*

The parties were married in 1971. Both were then employed. Both brought assets to the marriage. Both continued working after the marriage. As a result, they were able to enjoy a lavish life style and accumulated substantial

additional assets. Despite their material advantages, however, all was not well. They began seeing a marriage counselor in 1977. In 1978, Dr. Grant was seriously injured in an automobile accident and was forced to stop working. Things went rapidly downhill from there, the record being replete with testimony of incivilities, harassment, bad temper, and physical abuse on both sides. Financial disagreements ensued, and in 1980, the parties separated. Shortly after the separation, produced when Dr. Grant left the family home, she removed therefrom most of the "family use personal property." At the time of the divorce, Dr. Grant, a registered nurse, was self-employed in a "nurse-psychotherapist" practice. Mr. Zich remained in federal government service. Although the parties disagree as to just how much Dr. Grant was earning (and about virtually everything else) it seems clear that Mr. Zich's income was substantially greater than hers. Let those facts suffice by way of general background. Others will be related as necessary to consideration of the issues on appeal.

*Monetary Award and Transfer of Personal Property*

Section 3-6A-05 of the Courts and Judicial Proceedings Article authorizes a court, in granting an absolute divorce, to "grant a monetary award as an adjustment of the equities and rights of the parties concerning marital property, whether or not alimony is awarded." The award's amount, and its method of payment, is to be determined after considering nine factors listed in § 3-6A-05 (b).

In this case, as noted, the chancellor made such an award in favor of Mr. Zich. Dr. Grant asserts this was error for two reasons: First, because the chancellor failed to determine what was marital property and the value of it; and second, because in making the award the chancellor failed to consider all the statutory factors and analyzed others in a manner inconsistent with the statutory policy to adjust the property interests of spouses fairly and equitably, giving careful consideration to their respective monetary and non-monetary contributions to the marriage. *Bender v. Bender*, 282 Md. 525, 386 A.2d 772 (1978). Subsumed in both

arguments, as we see it, is her contention that the chancellor improperly transferred certain personal property to her against her consent.

We think she is correct in her first argument, and at least partially correct in the second.

There is no doubt that the question of whether to grant a monetary award under § 3-6A-05 is discretionary, as is the amount of the award and its method of payment, so long as the chancellor considers the nine statutory factors. *Ward v. Ward,* 52 Md. App. 336, 449 A.2d 443 (1982). But once a chancellor decides to make a monetary award, he becomes bound to follow two statutorily-mandated procedures in addition to consideration of the nine factors. Section 3-6A-05 (b) requires that as a precondition to an award "[t]he court *shall* determine the value of all marital property" [emphasis supplied]. This, in turn, requires a determination of what is marital property, and § 3-6A-05 (a) directs that "the court *shall* determine which property is marital property if the division of property is an issue" [emphasis supplied].

While the legislative use of the "shall" in itself would seem to be a sufficient indication for the mandatory nature of these provisions, both this court and the Court of Appeals have removed any possible doubt on this point.

In *Ayars v. Ayars,* 50 Md. App. 93, 97, 436 A.2d 490, 492 (1981), we pointed out, by way of dictum, that had the chancellor wished to take into consideration the parties' contributions to certain property, he could have done so by way of a monetary award under § 3-6A-05 (b). We cautioned, however, that this "*requires* the determination of the value of the marital property" [emphasis supplied].

Just over a month later, the Court of Appeals used even stronger language. It said "part (b) of section 3-6A-05 *commands* the court to determine the value of all such marital property" [emphasis supplied]. *Deering v. Deering,* 292 Md. 115, 121, 437 A.2d 883, 886 (1981). Later, commenting on the flexibility of a monetary award and the chancellor's discretion in deciding to make one, it again emphasized that "the law *commands* the trial court 'both to

determine which property is marital property,' if its division is an issue, and to 'determine the value of all [such] marital property'" [emphasis supplied]. *Id.* at 129, 437 A.2d at 891.

We summarized the situation in *Ward v. Ward, supra:*

> 1) if an equitable adjustment over and above the distribution of the spouse's property in accordance with its title is in issue, the court *shall* determine which property is marital property;
>
> 2) the court *shall then* determine the value of all marital property;
>
> 3) finally, the court *may* make a *monetary award as an adjustment* of the parties' "equities and rights" concerning marital property, whether or not alimony is awarded. *If* an award is deemed appropriate, the court *shall* then consider each of the nine factors enumerated in § 3-6A-05 (b) in determining a fair and equitable amount and the method of its payment [emphasis partially in original and partially supplied]. 52 Md. App. at 339, 449 A.2d at 445-446.

Marital property "is all property, however titled, acquired by either or both spouses during their marriage. It does not include property acquired prior to the marriage, property acquired by inheritance or gift from a third party, or property excluded by valid agreement or property directly traceable to any of these sources." Courts and Judicial Proceedings Article, § 3-6A-01 (e). In the case at bar, the division of property was in dispute. Among other things, the parties initially disagreed as to the ownership and marital property status of portions of the approximately $58,000 worth of personal property Dr. Grant had removed from the marital home. Mr. Zich attempted to eliminate this particular issue by agreeing to waive any interest in that property, and the chancellor accepted this proposal because "it greatly simplified the otherwise item by item decision the court would have to make in all of the personal property Mrs. Zich [Dr. Grant] took control of . . . ." He transferred this property to Dr. Grant. This was error.

Under § 3-6A-03 (a) of the Courts and Judicial Proceedings Article, "the court may not transfer the ownership of personal property from one spouse to the other." If the court lacks this authority to transfer, *a fortiori* such a transfer cannot be made contrary to the intent of one of the parties. Neither could Mr. Zich's release of interest in the personal property be considered a gift, since a gift requires acceptance on the part of the donee, *Rogers v. Rogers,* 271 Md. 603, 607, 319 A.2d 119, 121 (1974), and acceptance clearly did not occur here.

The short of it is that except for Mr. Zich's pension benefits and, possibly, the proceeds of the marital home, the chancellor did not properly determine what was marital property. Nor did he determine the value of the marital property. Accordingly, he was without authority to make a discretionary monetary award under § 3-6A-05 (b).

This holding also requires us to conclude that the chancellor erred in his application of the nine factors prescribed by that subsection. The memorandum and order in this case show that consideration was given to factors one through six and to factor eight. No express consideration was given to the ninth ("such other factors as the court deems necessary or appropriate to consider in order to arrive at a fair and equitable monetary award") although the chancellor recited in his memorandum that he had considered all the factors, and it is presumed that such discretion has been properly exercised in the absence of proof to the contrary. *Lapides v. Lapides,* 50 Md. App. 248, 252, 437 A.2d 251, 254 (1981). But in view of his error in transferring disputed personal property to Dr. Grant, the chancellor of necessity also erred in his consideration of factor two ("value of all property interests of each spouse") since he allocated the value of that property to Dr. Grant. Nor could the chancellor have given appropriate consideration to factor seven ("how and when specific marital property was acquired, including the effort expended by each party in accumulating the marital property") since, as we have noted, he failed to determine fully what was marital property.

The shortcomings we have discussed require a remand so that the chancellor may determine what was marital property and its value. We recognize, as did the Court of Appeals in *Deering, supra,* that this may be a burdensome task. In making those determinations, however, we do not think the statute requires a separate decision as to every toothbrush and towel. It may be feasible to place numbers of property items, especially minor ones, in categories or classes, and to make the decisions as to them on an aggregate basis.

We also think that in making these determinations, including determinations as to the disposition of the proceeds of the marital home (the Potomac residence), the chancellor should apply the "source of funds" theory, explained in *Harper v. Harper,* 294 Md. 54, 448 A.2d 916 (1982). Although that case was decided after the judgment below in this one, it definitively construed the change in the law that was effected before the instant action was filed. Therefore, it is appropriate that its construction of the applicable statute be applied on remand. *See Lemon v. Kurtzman,* 411 U.S. 192 (1973); *United States v. Schooner Peggy,* 5 U.S. (1 Cranch) 103 (1801); *Winston v. Winston,* 290 Md. 641, 431 A.2d 1330 (1981); *Teays v. Supreme Concrete Block, Inc.,* 51 Md. App. 166, 441 A.2d 1109 (1982).

*Alimony*

The chancellor declined to award alimony to Dr. Grant. In doing so, he considered factual disputes as to her current earnings. He apparently accepted Mr. Zich's version. He also considered her educational background as excellent, apparently determined that her contributions to the break-up of the marriage had exceeded Mr. Zich's, and rejected her claim that the injuries resulting from her automobile accident were a serious impediment to her earning ability. He was aware of the duration of the marriage, and he determined the monetary and non-monetary contributions of the parties to the marriage. All of these factors were appropriate for consideration under Art. 16, § 1 of the Code. Each involved factual deter-

minations which, on this record, we cannot say were clearly erroneous. Maryland Rule 1086.

While the chancellor did not specifically refer to some of the other standards (*e.g.* the "standard of living established by the parties during the marriage", Art. 16, § 1 (b) (4)) we do not think that he was necessarily required to go through a detailed check list of the statutory factors, specifically referring to each, however beneficial such a procedure might be (under both Art. 16, § 1 and under § 3-6A-05 (b) of the Courts Article) for purposes of appellate review. Reading his entire memorandum and order, and the record he had before him, we conclude that consideration was given to the enumerated standards. *See Lapides v. Lapides, supra.* The chancellor did not need to invoke expressly the wording of the statute to demonstrate such consideration. *See Jordan v. Jordan,* 50 Md. App. 437, 443, 439 A.2d 26, 29 (1982).

But in any event, his review of the "financial needs and assets of both parties", Art. 16, § 1 (b) (1) was necessarily distorted by his erroneous allocation of certain personal property to Dr. Grant, as previously noted. Also, since a monetary award under § 3-6A-05 of the Courts Article is a factor to be considered under Art. 16, § 1 (b) (1) (ii), and since we have held that the chancellor erred in making that award, we now conclude that he should also reconsider his failure to award alimony to Dr. Grant.

We hasten to note that we do not hold that Dr. Grant is entitled to alimony. That is a matter which is, initially, within the chancellor's discretion. *Moore v. Moore,* 218 Md. 218, 145 A.2d 764 (1958). *Also see Brodak v. Brodak,* 294 Md. 10, 447 A.2d 847 (1982). But the discretion should be exercised upon the basis of a proper determination of the assets of each party, and in light of whatever monetary award, if any, the chancellor decides to make on remand, as well as in view of the other factors listed in Art. 16, § 1.

*Pension Benefits*

Pursuant to *Deering v. Deering, supra,* and *Ohm v. Ohm,* 49 Md. App. 392, 431 A.2d 1371 (1981) the chancellor

addressed the issue of whether Mr. Zich's federal pension benefits were marital property. He concluded that they were, to the extent that those benefits had accumulated during the marriage. He measured the extent of that accumulation, it appears, by determining the value of Mr. Zich's contributions to the retirement fund during that period. He awarded half of that amount to Dr. Grant, payable when Mr. Zich should begin to receive pension benefits.

Dr. Grant now complains that in handling the pension decision, the chancellor did not follow the guidelines of *Deering v. Deering, supra,* in that he failed to include the full value of all accumulated retirement benefits, failed to evaluate the various methods of valuing such benefits and to adopt an appropriate one, and failed to consider the § 3-6A-05 (b) factors in making his determination.

The chancellor was correct in excluding from his calculations the value of that portion of the retirement benefits accumulated prior to the marriage. The Court of Appeals observed in *Deering, supra,* that "a spouse's pension benefits, *to the extent accumulated during the marriage,* constitute a form of 'marital property' ..." [emphasis supplied] 292 Md. at 128, 437 A.2d at 890. Obviously, then, to the extent those benefits were accumulated prior to the marriage, they do not constitute marital property. This is also made clear by § 3-6A-01 (e) of the Courts Article, which excludes from the definition of marital property "property acquired prior to the marriage."

Nor do we think the method of evaluation selected by the chancellor was inappropriate. He chose to use as the measure of the value of the retirement benefits Mr. Zich's contributions to the retirement fund during the marriage. This is one of the approaches sanctioned by *Deering* and *Ohm.* While the chancellor did not evaluate other possible approaches, he did not have a basis for doing so in this case. The evidence before him, as presented by Dr. Grant, related only to Mr. Zich's contributions to the fund. And while the chancellor did not add interest to the contributions made by

Mr. Zich during the marriage, we do not think he was compelled to do so. The three approaches outlined in *Deering* were not intended to be mandatory rules or inflexible formulae. Rather, they were presented as examples. As the court said, "any of the just articulated approaches may represent the proper one for the trial courts of this State to take . . ." 292 Md. at 131, 437 A.2d at 892. This language does not require a chancellor to follow precisely any method of evaluation, nor does it preclude him from adopting some other method.

Finally, we do not think the chancellor erred in deferring payment of the lump sum to Dr. Grant until such time as Mr. Zich became entitled to receive retirement benefits. "One other vital consideration, as identified by the Delaware Supreme Court in *Robert C. S. v. Barbara J. S.,* [434 A.2d 383, 388 (Del. 1981)], 'is the likelihood whether (and the time when) the employee spouse who holds the pension right will come into the right of enjoyment.' " *Deering, supra,* 292 Md. at 131-132, 437 A.2d at 892.

Nevertheless, we think the chancellor erred in his memorandum and order of January 18, 1982. The effect of that order was to determine that a portion of Mr. Zich's retirement benefits were marital property, and to make a monetary award of half of that portion to Dr. Grant. The only authority for making such an award with respect to marital property is § 3-6A-05 (b) of the Courts Article. The chancellor, however, had already made a monetary award to Mr. Zich under the provision.

In *Ward v. Ward, supra,* we pointed out that "the function of a monetary award is to adjust the parties' equities in the marital property". 52 Md. App. at 343, 449 A.2d at 447. But, we warned, "the statute contemplates but one net monetary award — or none — but certainly not two. There is no authority in § 3-6A-05 for making a $50,000 award to one spouse and a $10,000 award to the other." *Id.,* 449 A.2d at 448.

Since this is effectively what the chancellor did here in his January 18, 1982, order, we must vacate that order, and we

need not consider whether, in entering it, he gave appropriate consideration to the § 3-6A-05 (b) factors.[1]

*Conclusion*

The provisions of the Marital Property Act (Ch. 794, Laws of 1978, as amended) are complex. They are closely intertwined with other statutes, such as Art. 16, § 1. Thus, as this case demonstrates, a misstep under one of them may have a far-reaching ripple effect, requiring extensive reconsideration of matters already once decided.

When that process is undertaken on remand of this case, the chancellor should proceed as follows:

1. Determine what is marital property, including appropriate components of the personal property transferred from Mr. Zich to Dr. Grant over the latter's protest. Marital property here includes the portion of Mr. Zich's pension benefits previously determined to be marital property.

2. Determine the value of the marital property. As to the retirement benefits, we have held that the chancellor made an appropriate determination of their value. As to the remainder of the marital property, both in this step and in step 1, the chancellor should give appropriate consideration to *Harper v. Harper, supra.*

3. Decide whether to make any monetary award under § 3-6A-05 (b). If he decides to make an award, it will then be necessary for him to review the nine factors, in light of the decisions he has made in steps 1 and 2, including proper determination as to the property owned by each party, so that he can formulate a single net monetary award which will be "fair and equitable" in light of those factors and the policy of the Marital Property Act.

---

1. The issue of the legality of two monetary awards, as opposed to a single net award, was not raised by either party to this appeal, nor was it presented to the lower court. Ordinarily, we would not decide it. Maryland Rule 1085. But the rule is not an absolute prohibition, Charles J. Cirelli & Sons, Inc. v. Harford County, 26 Md. App. 491, 338 A.2d 400 (1975). Since the matter of the monetary award in favor of Mr. Zich must be reconsidered in any event, we think it essential to indicate our views as to the retirement benefit award in favor of Dr. Grant as well. We note that the "two-award" issue was not raised on appeal in Ward v. Ward, either.

4. Make a determination as to alimony, considering the factors listed in Art. 16, § 1, in light of the determinations he had made in steps 1, 2, and 3. In so doing, he need not reconsider the factual findings which we have decided were not clearly erroneous.

5. Enter a judgment consistent with the above determinations.

> *Order of January 18, 1982, vacated.*
>
> *Order of December 18, 1981, vacated in part and affirmed in part.*
>
> *Case remanded for further proceedings not inconsistent with this opinion.*
>
> *Costs to be paid one-half by appellant and one-half by appellee.*