472 A.2d 1018

**Sylvester E. HARPER**

v.

**Amaryllis M. HARPER.**

**No. 321, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

April 4, 1984.

Jeffrey Lee Greenspan, Washington, D.C., with whom were Gary Steven Mandel & Greenspan & Mandel, Washington, D.C., on the brief, for appellant.

Steven R. Migdal, Annapolis, with whom were Manis, Wilkinson, Snider & Goldsborough, Annapolis, on the brief, for appellee.

Argued before MOYLAN, WILNER and WEANT, JJ.

WEANT, Judge.

The parties in this case, Sylvester E. Harper and Amaryllis M. Harper, currently making their second appearance before this Court, have already received considerable attention from the legal community; their divorce provided the Court of Appeals with the opportunity to adopt new standards governing the application of Maryland's Marital Property Act [Property Disposition in Divorce Annulment Act, Md.Cts. & Jud.Proc.Code Ann. (1980 Repl.Vol., 1981 Cum. Supp.) §§ 3–6A–01 through 3–6A–07]. *See Harper v. Harper,* 294 Md. 54, 448 A.2d 916 (1982). In that decision, the Court of Appeals partially reversed this Court's holding in

*Harper v. Harper,* 49 Md.App. 339, 431 A.2d 761 (1981), and remanded the case to the trial court with orders that it:

■ determine the source of the funds contributed to the real property and the marital residence by each of the spouses and the marital unit; . . .

■ determine the extent to which the property and the marital residence are to be characterized as nonmarital or marital; . . .

■ determine the value of the marital property; and

■ make an equitable distribution of the value of the marital property with due regard being given to all of the relevant factors.

*Harper,* 294 Md. at 82, 448 A.2d 916.

Pursuant to this mandate, the Circuit Court for Anne Arundel County concluded that: (1) the residence of the parties, located at 1206 Louis Road, was marital property, (2) the total value of all the marital property, including the residence, was $52,451.40, and (3) a monetary award was necessary in view of the parties' interests in the marital property, and ordered Mr. Harper to pay Mrs. Harper one-half the total value of the property ($26,225.70) as a marital award within one year of the date of the decree. Disgruntled with the decision, Mr. Harper appeals, raising two issues for our consideration. A précis of these issues follows:

    I. Whether the lower court erred in determining that the 1206 Louis Road residence was "marital property."

    II. Whether the lower court erred in finding that there was no agreement between the parties removing the residence from inclusion as marital property.

I.

Appellant's dissatisfaction with the trial court's decision stems from its characterization of the Harpers's marital residence as "marital property" pursuant to Courts and Judicial Proceedings Article § 3–6A–01(e), and the inclusion by the court of the value of that residence in its calculation of the monetary award to Mrs. Harper. *Id.,* § 3–6A–05.

Appellant accepts all other findings of fact made by the court regarding the parties' other properties, and the acquisition of the lot and marital residence itself, including the court's conclusion that the lot upon which the home was constructed was 59% nonmarital and 41% marital property.

The appellant takes the position that the residence, which he characterizes as a "permanent improvement" to the lot, "should be held under the same ownership rights as the land itself," *i.e.*, 59% nonmarital and 41% marital. Based on this reasoning, he urges this Court to remand the case to the trial court for a recalculation of the monetary award to Mrs. Harper in accordance with his interpretation of *Harper, supra*. Because our reading of the Court of Appeals' decision does not support Mr. Harper's position, we will decline his request.

■ For the reason that neither party contests the trial court's determination that the lot upon which the marital residence was built was 59% nonmarital property and 41% marital property or that the two other (unimproved) lots acquired during the marriage were each entirely marital property, we need be concerned only with the correctness of the court's determination regarding the residence itself. The trial court concluded that

> [b]ecause the marital residence was paid for entirely out of marital funds, it is also to be characterized entirely as marital property. Mr. Harper made mortgage payments and paid for upkeep from his salary during the marriage; no monies used for these purposes derived from gifts or inheritances to Mr. Harper. Notwithstanding Mr. Harper's contention that his wife contributed virtually nothing, monetarily or otherwise, to the construction and maintenance of the home, the residence is marital property because all funds for its construction and upkeep were acquired during the marriage by other than inheritance or gift from a third party. *See* section 3–6A–01(3) of the Courts and Judicial Proceedings Article.

The accuracy of this observation is seen in that Act, wherein "marital property" is defined as:

all property, however titled, acquired by either or both spouses during their marriage. It does not include property acquired prior to the marriage, property acquired by inheritance or gift from a third party, or property excluded by valid agreement or property directly traceable to any of these sources.

Md.Cts. & Jud.Proc.Code Ann. (1980 Repl.Vol.), § 3–6A–01(e). As stated by the Court of Appeals in *Harper,* this statute "expressly establishes that a determination of what constitutes marital property under § 3–6A–05(a) is not dependent upon the legalistic concept of title," 294 Md. at 78, 448 A.2d 916. Under the Act, "property is not necessarily 'acquired' on the date that a legal obligation to purchase is created," *id.* at 79, 448 A.2d 916, but rather through the "on-going process of making payments for property." *Id.* at 80, 448 A.2d 916. Under this definition, characterization of property as nonmarital or marital depends upon the source of each contribution as payments are made, rather than the time at which legal or equitable title to or possession of the property is obtained. *Id.*

█ Before reaching its conclusion, the Court of Appeals conducted an extensive review of cases from both community property and other equitable distribution jurisdictions. It expressly rejected the "inception of title" theory employed by the majority of the community states. Under this postulation, property paid for partly before marriage, as well as improvements made on that property during marriage, are regarded as the separate property of the spouse who made the premarriage payments. The community is entitled to compensation only for those funds expended by the community on mortgages and/or improvements to the property. *Id.* at 78–79, 448 A.2d 916. Mr. Harper's position, that the residence constitutes an improvement to the partially marital/partially nonmarital lot and, as such, would be held under the same ownership rights as the land itself, derives from this "inception of title" theory. To adopt this analysis

would be to directly contravert an express holding of the Court of Appeals. *Cui bono!*

Our review of the record indicates that the trial court meticulously adhered to the mandatory three-step process required by Cts. & Jud.Proc. Art. § 3–6A–05. *See Grant v. Zich,* 53 Md.App. 610, 614, 615, 456 A.2d 75, 77, 78, *cert. granted,* 298 Md. 110 (1983); *Komorous v. Komorous,* 56 Md.App. 326, 467 A.2d 1039 (1983). Subsequent to determining which property qualified as marital property, § 3–6A–05(a), by applying the "source of funds" analysis as explicated in *Harper,* 294 Md. at 80–81, 448 A.2d 916, the trial judge calculated its value.

He then made a fair and equitable monetary award to Mrs. Harper "as an adjustment of the equities and rights of the parties concerning the marital property." Finally, the court correctly reduced the amount of the monetary award ($26,225.70, one-half the value of the marital property) to judgment, as required by § 3–6A–05(c). We find no error in the trial court's denouement.

## II.

Turning briefly to appellant's second contention that, albeit the residence qualified as marital property under § 3–6A–01(e), it was removed from that category pursuant to the exception contained within that section which provides:

> It [marital property] does not include property acquired prior to the marriage, property acquired by inheritance or gift from a third party, *or property excluded by valid agreement* or property directly traceable to any of these sources.

Md.Cts. & Jud.Proc.Code Ann. (1980 Repl.Vol.) § 3–6A–01(e), (emphasis added).

Mr. Harper's bald assertion that there was an implied agreement between the parties to exclude the residence from the marital estate is unsupported by the record. In our view the trial judge was correct in his statement that:

The facts in this case simply do not warrant a finding that the parties intended to exclude Mrs. Harper from any share in the major asset of their marriage, the marital residence. Stated another way, we find no "valid agreement" as required by the statute to prevent the real property from being characterized as "marital property." Indeed, to find otherwise would come near to a return to the inequities of the old "title" system of dealing with the property of divorcing spouses.

There is no basis to reverse the trial court's decision that no agreement existed between the parties. Lacking such an agreement, no other premise exists to omit the value of the residence from the court's calculation of its monetary award to Mrs. Harper.

*JUDGMENT AFFIRMED.*

*COSTS TO BE PAID BY APPELLANT.*