870 A.2d 1218

**Joseph W. MEDLEY**

v.

**STATE of Maryland.**

**No. 87, Sept. Term, 2004.**

Court of Appeals of Maryland.

April 1, 2005.

4

Laurel A. Albin, Asst. Public Defender, Allen E. Burns, Asst. Public Defender (Nancy S. Forster, Public Defender, on brief), for petitioner.

Celia Anderson Davis, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), for respondent.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA and GREENE, JJ.

HARRELL, J.

Following his conviction on 6 February 2003 of one count of possession of marijuana, based on a guilty plea and agreed facts before the Circuit Court for St. Mary's County, Joseph W. Medley was sentenced by the trial judge as follows:

I hereby sentence you to fourteen days St. Mary's County Detention Center, give you credit for fourteen days served.

In addition to that, you have to pay a fine of a thousand dollars, plus $125 court costs. Fine and costs are due today. And the Court is going to see to it in these fine cases that they are paid, because after all, the jury has to be paid.[1]

On 7 March 2003, Medley filed a motion to correct illegal sentence, to wit, the $1,000 fine. That motion was denied. The Court of Special Appeals affirmed the judgment in an unreported opinion

We granted certiorari, *Medley v. State*, 383 Md. 569, 861 A.2d 60 (2004), to consider whether the trial judge erred in imposing the $1,000 fine "because after all, the jury has to be paid." Lacking an ability on this record to attribute a connotation to the trial judge's remark other than its plain meaning

---

1. Prior to entering a guilty plea, Medley elected a jury trial. The judge, in querying Medley at the plea proceedings regarding the rights he would be waiving, said:

Most importantly, Mr. Medley, the Court has available today for you a jury. You have indicated that you wanted this case tried by a jury. I have a jury standing by in the jury assembly room. If you want a jury trial, you can have one.

**6**

denotation,[2] we hold that Medley's fine was an illegal sentence and reverse the judgment of the Court of Special Appeals.

I.

A sentencing judge has wide discretion in achieving the principal objectives of sentencing—punishment, deterrence, and rehabilitation. *Jackson v. State*, 364 Md. 192, 199, 772 A.2d 273, 277 (2001) (citing *Poe v. State*, 341 Md. 523, 531, 671 A.2d, 501, 505 (1996); *State v. Dopkowski*, 325 Md. 671, 679, 602 A.2d 1185, 1189 (1992)) (some citations omitted). We may overturn a sentence, however, if we conclude that either: 1) it violates constitutional standards; 2) the sentencing judge was motivated by ill-will, prejudice or impermissible considerations; or 3) the sentence exceeds statutory limits. *Jackson*, 364 Md. at 200, 772 A.2d at 277 (quoting *Gary v. State*, 341 Md. 513, 516, 671 A.2d 495, 496 (1996) (some citations omitted)). In the present case, we are confronted with a record where, taken at face value, the judge linked or justified the thousand dollar fine to reimbursement for jury costs. This objective falls outside the sentencing judge's statutory authority under then §§ 1, 2, & 4(b) of Article 38 of the Maryland Code,[3] § 8–106 of the Courts and Judicial Proceedings Arti-

---

2. See *Rossville Vending Machine Corporation v. Comptroller*, 97 Md. App. 305, 323–24, 629 A.2d 1283, 1293 (1993), for an elaboration of the difference in meaning between connotation and denotation.

3. Sections 1, 2, and 4 of former Article 38, in effect at the time of Medley's sentencing, dealt with fines and forfeitures. Md.Code (1957, 2003 Replacement Volume). The portions of this Article relevant to this appeal were excised from Article 38, 2004 Md. Laws, Chap. 26, and re-enacted without substantial change as § 7–501 (defining "costs" and "fines"), § 7–502 (liability for costs), and § 7–504 (failure or inability to pay fine). Md.Code (1973, 2002 Repl.Vol., 2004 Supp.) of the Courts and Judicial Proceedings Article. We shall refer throughout this opinion to the former sections of Article 38 in effect at the time of sentencing.

Section 1 stated, in relevant part:
　If any person shall be adjudged guilty of any offense by any court having jurisdiction in the premises, he shall be sentenced to the fine or penalty prescribed by such act of Assembly or ordinance and shall be liable for the costs of his prosecution; and in default of payment of

cle,[4] and Maryland Rules 2–509 [5] and 4–353.[6]

In reviewing the sentencing judge's actions, we are mindful that, absent a misstatement of law or conduct inconsistent with the law, a " '[t]rial [judge is] presumed to know the law and apply it properly.' " *State v. Chaney*, 375 Md. 168, 179, 825 A.2d 452, 459 (2003) (quoting *Ball v. State*, 347 Md. 156, 206, 699 A.2d 1170, 1194 (1997)). In *Chaney*, we explained that this foundational principle of law is deeply rooted in a strong presumption that judges perform their legal duties properly. *Id.* at 181, 825 A.2d at 459 (citing *Bank of the United States v. Dandridge*, 12 Wheat. 64, 25 U.S. 64, 69–70, 6 L.Ed. 552 (1827); *Schowgurow v. State*, 240 Md. 121, 126, 213 A.2d 475, 479 (1965); *Albrecht v. State*, 132 Md. 150, 156, 103 A. 443, 445 (1918)). Equally important is the companion

---

the fine or penalty he may be committed to jail in accordance with § 4 of this article until thence discharged by due course of law. Section 2 stated:
Except as provided in § 7–302 of the Courts Article of the Code, all fines, penalties and forfeitures, when recovered shall be paid to the county or city where the offense occurred or cause of action originated unless directed to be paid otherwise by law imposing them. Section 4 stated, in relevant part, that, "(costs shall not constitute a part of any fine). . . ."

4. § 8–106 states, in relevant part,
§ 8–106. Compensation of jurors.
(b) *Per diem.*—A juror shall receive a *State* per diem amount of $15 for each day the juror attends court.
Md.Code (1973, 2002 Repl.Vol.) of the Courts and Judicial Proceedings Article (emphasis added).

5. Rule 2–509 provides that only the First (Dorchester, Somerset, Wicomico, and Worcester Counties), Second (Caroline, Cecil, Kent, Queen Anne's, and Talbot Counties), and Fourth (Allegany, Garrett, and Washington Counties) Judicial Circuits may assess special costs "equal to the total compensation paid to the jurors who reported . . ." to a defendant if "a jury trial is removed from the assignment at the initiative of a party for any reason within the 48 hour period, not including Saturdays, Sundays, and holidays, prior to 10:00 a.m. on the date scheduled . . ."

6. Rule 4–353 states that a "judgment of conviction or a disposition by probation before judgment or an accepted plea of nolo contendere shall include an assessment of court costs against the defendant unless otherwise ordered by the court."

presumption that judges know the law. *Id.* at 181–82, 825 A.2d at 459–60 (quoting *Samson v. State,* 27 Md.App. 326, 334, 341 A.2d 817, 823 (1975)); *Grumbine v. State,* 60 Md. 355, 356 (1883). Because of these potent presumptions, we are reluctant to find error, opining that the judge misperceives the law, unless persuaded from the record that a judge made a misstatement of the law or acted in a manner inconsistent with the law. *Perry v. State,* 381 Md. 138, 154 n. 8, 848 A.2d 631, 641 n. 8 (2004) (holding that a judge's comment that he did not have to hold a hearing outside the presence of a jury did not indicate that the judge did not know his legal duty to determine a child's competency prior to testifying); *Chaney,* 375 Md. at 184, 825 A.2d at 461–62 (holding that judge properly knew and applied the law because he did not misstate the law); *Davis v. State,* 344 Md. 331, 339, 686 A.2d 1083, 1086 (1996) (holding that absent an express ruling to the contrary, a judge is presumed to know and apply correctly the law); *John O. v. Jane O.,* 90 Md.App. 406, 429, 601 A.2d 149, 160 (1992) (holding that, "[u]nless it is clear" in the record that a trial judge does not know the law, the presumption remains that the judge knows and applies correctly the law) (citing *Lapides v. Lapides,* 50 Md.App. 248, 252, 437 A.2d 251, 254 (1981)).

*Chaney* reviewed whether a sentencing judge interpreted properly a sentencing statute (former § 413 of Article 27 of the Maryland Code) for first degree murder, after its death penalty provisions had been excised in *Bartholomey v. State,* 267 Md. 175, 297 A.2d 696 (1972), when the judge did not acknowledge expressly his statutorily-granted discretion to suspend all or a portion of the sentence.[7] *Chaney,* 375 Md. at

---

7. The statute in effect at the time of Chaney's sentencing stated that "[e]very person convicted of murder in the first degree. . . . shall suffer death, or undergo a confinement in the penitentiary of the State for a the [sic] period of their natural life." *Chaney,* 375 Md. at 178, 825 A.2d at 457 (citing Md.Code (1957, 1971 Repl.Vol.), Article 27, § 413). "Section 413 did not address the potentiality for suspension of the sentence." *Id.* After § 413 was abridged in *Bartholomey,* we held that a sentencing judge had the discretion to suspend a "mandatory" life sentence under then- § 641A. *Id.* at 176 n. 4, 825 A.2d at 456 n. 4 (holding that § 641A, a statute that granted generally a sentencing

178, 825 A.2d at 457–58. In that case, the judge observed that the only portion of the sentencing statute (§ 413) surviving *Bartholomey* provided for a life sentence, without mention of the potential of a suspended sentence. He ordered a life sentence without mention of suspension of any part. On appeal to the intermediate appellate court, Chaney successfully argued that the judge ignored case law interpreting other statutory provisions (§ 641A) allowing a sentencing judge to exercise his (or her) discretion to order a suspended sentence for first degree murder. *Id.* at 177, 825 A.2d at 457. The Court of Special Appeals concluded that the judge rendered an illegal sentence because he impermissibly did not consider a suspended sentence as being within his judicial discretion. *Id.*

In reversing the Court of Special Appeals and affirming the original sentence, we held that the sentencing judge was presumed to have acted properly because he did not misstate the law. *Id.* at 184, 825 A.2d at 461. Absent an express misstatement of the law, the judge was presumed to know the law that allowed him the discretion (under then- § 641A) to order a suspended sentence—even though § 413 was silent as to that. We agreed with the Court of Special Appeals that the judge properly interpreted and stated the provisions of § 413 of Article 27. We reversed the intermediate appellate court's judgment, however, because the judge said nothing on the record that evinced he was not aware of his discretion to suspend the sentence under § 641A. Unlike the Court of Special Appeals, we presumed that he was aware of his discretion under § 641A and chose not to exercise that discretion to suspend all or any part of the life sentence. *Id.* at 184–85, 825 A.2d at 461–62.

It is clear, after reviewing the statutory provisions relevant to the present case, that the Circuit Court lacked the

---

judge the discretion to suspend a sentence and place a defendant on probation, was applicable to mandatory life sentences for murder) (citing *State v. Wooten,* 277 Md. 114, 116–18, 352 A.2d 829, 831–32 (1976)).

authority to levy or set a fine premised, in whole or in part, on paying for or reimbursing jury costs that may have been incurred because Medley did not waive his jury election until the day of trial. A sentencing judge may assess court costs to a defendant in a criminal trial but, under § 4 of Article 38, those costs "shall not constitute a part of any fine." Although Rule 4–353 allows a sentencing judge to levy costs to the defendant, only those sentencing judges sitting in the First, Second, or Fourth Circuits may impose jury costs—St. Mary's County lies within the Seventh Judicial Circuit. Md. Rule 2–509. Furthermore, the jury costs permitted by Rule 2–509 are permissible only in *civil* cases. *Gantt v. State,* 109 Md.App. 590, 598, 675 A.2d 581, 585 (1996). Lastly, jury *per diem* costs are paid by the State of Maryland, not by St. Mary's County. Md.Code, Courts and Judicial Proceedings Article, § 8–106. The County would receive the payment of any lawful fine in this case. § 2, Art. 38.

Unlike in *Chaney,* the sentencing judge's statement, "because after all, the jury has to be paid," taken at face value, evinced an incorrect understanding of the relevant law. There is no plausible statutory authority that would allow a judge in the Circuit Court for St. Mary's County to order a fine, or set the amount thereof, to pay wholly or in part the cost of a jury. The State maintains before us (having convinced the Court of Special Appeals) that the sentencing judge's comments should not be taken literally, but rather should be construed as being akin to a glib rendition of the metaphor, "the piper must be paid." In essence, the State asks us to perceive a connotation not apparent from the context of this record or to attribute to the remark a legally benign motive found only in some assumed judicial consciousness shared by the trial judge and us. Typically, we will not attribute to the words of a lower court's opinion or order a sense beyond the plain meaning of language appearing in the record, unless the context supports a different reading. *See Pete v. State,* 384 Md. 47, 53 n. 7, 862 A.2d 419, 422 n. 7 (2004) (resolving a conflict between an apparent typographical error in transcribing the oral opinion of the sentencing judge in ordering probation by examining the plain

language in the probation order). Acquiescence in the State's argument is not possible in this case.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH DIRECTIONS TO VACATE THE SENTENCE IMPOSED BY THE CIRCUIT COURT FOR ST. MARY'S COUNTY AND TO REMAND THE CASE TO THE CIRCUIT COURT FOR A NEW SENTENCING. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY ST. MARY'S COUNTY.*