## WILLIAM H. SCHAMEL *vs.* THE COUNTY COMMISSIONERS OF WASHINGTON COUNTY.

*Fees of Witnesses in Criminal Cases Before Justices of the Peace— Liability of County Commissioners Therefor.*

Under Code, Art. 24, sec. 7, and Art. 25, sec. 7, County Commissioners must pay the fees of all witnesses in criminal cases before justices of the peace, summoned on behalf of the State, and of those summoned on behalf of the defendant where the defendant has been discharged or acquitted or punished only by a fine of fifteen cents ; but they are not bound to pay the fees of defendant's witnesses when he has been convicted.

Appeal from a judgment of the Circuit Court for Washington County (STAKE, J.), sustaining a demurrer to a petition for a writ of *mandamus* and entering judgment for the defendants for costs.

The cause was argued before McSHERRY,. C. J., BRYAN, PAGE and BOYD, JJ.

*Wm. H. A. Hamilton* (with whom were *Ernest Hoffman, Norman B. Scott, Jr.,* and *Alex. Armstrong* on the brief), for the appellant.

*Hy. Kyd Douglas* for the appellee.

PAGE, J., delivered the opinion of the Court.

The appellant is the holder, by lawful assignment, of two hundred orders on Washington County, issued by justices of the peace of that county, for the payment of witnesses fees. These orders are alike and the following is a copy of one of them :

"Washington County will pay Richard Stewart the sum of thirty-three cents for one day's attendance before me as a witness, in the case of "Brown," charged with disturbing the peace.   J. Irvin Bitner, J. P."

*Endorsed :* "R. Steward."

Upon the refusal of the County Commissioners to levy or make other provision for their payment, the appellant filed his petition in the Circuit Court for Washington County, in which, after stating the facts, he prayed for a *mandamus* to compel them.

No objection is raised to the form of the petition or to the summary mannner in which the matter was disposed of in the lower Court; the only question before us is whether, upon the facts stated, there was error in the refusal of the Court to order the writ to issue as prayed.

The appellant contends, that the statutes of the State provide for the payment of fees to witnesses regularly summoned before justices of the peace; and that in criminal cases, before such officers, where the accused is acquitted or discharged, the witness of the defendant as well as those of the State must be paid by the County Commissioners. But even upon this contention, the case presented by the petition would not entitle the appellant to the benefit of the writ. It does not appear, from the allegations of the petition or the orders filed, on whose behalf the witnesses were summoned before the justice; nor that they, or any of them, were witnesses for defendants who were acquitted or discharged. For anything that the record shows, these witnesses may have been summoned on behalf of the accused in trials that resulted in convictions; and in such cases we have been referred to no statute which imposes upon the county the duty of discharging the defendant's costs.

The eleventh section of Article 35 fixes the amount of the fee for each day's attendance of a witness before a justice of the peace, but does not designate the party who is to pay it. By section 7, Article 24, Code, the County Commissioners are required to pay the costs of such defendants who may be discharged on submission, or fined not exceeding fifteen cents, or acquitted. The seventh section of Article 25 of the Code imposes on the County Commissioners the duty of levying all needful taxes to compensate "county or State witnesses;" and this we are of opinion must be construed

to mean such witnesses as are entitled to be paid by the public authorities.    By the same section they are also required to levy such taxes as are needful to pay all claims " which have been expressly or impliedly authorized by law;" but there is nothing in this clause that authorizes the conclusion, that the witness's fees of a person summoned by a defendant who was convicted, are claims due, expressly or impliedly, from the County Commissioners.

We are of opinion, therefore, that the County Commissioners must pay all witnesses before justices of the peace, summoned on behalf of the State ; all summoned on behalf of the defendant where the defendant has been discharged, or punished only by a fine of fifteen cents, or acquitted ; but there is no obligation upon them to pay or levy taxes to discharge the fees due to the prisoner's witnesses, in cases when the prisoner has been convicted.

*Judgment affirmed.*