## STATE OF MARYLAND ET AL. v. MAYOR AND CITY COUNCIL OF BALTIMORE ET AL.

[No. 32, September Term, 1982.]

*Decided May 4, 1983.*

*Motion for reconsideration filed June 2, 1983; denied June 3, 1983.*

68

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*Robert A. Zarnoch, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General,* and *Bonnie A. Travieso, Assistant Attorney General,* on the brief, for appellants.

*Charles Freeland,* with whom were *Kaplan, Freeland & Schwartz* and *Benjamin L. Brown, City Solicitor,* on the brief, for appellees.

*Amicus curiae* brief of Prince George's County, Maryland filed by *Robert B. Ostrom, County Attorney, Michael O. Connaughton, Deputy County Attorney* and *Valerie J. Monaghan, Associate County Attorney.*

ELDRIDGE, J., delivered the opinion of the Court.

We granted the State's petition for a writ of certiorari in this case to determine whether Baltimore City is liable for unpaid criminal court costs incurred when an accused has been relieved of the obligation to pay the costs because of his indigency or because of a disposition of criminal proceedings in his favor.

In 1973 and 1974, Baltimore City (the City), without objection, paid to the Clerk of the Criminal Court of Baltimore (now the Circuit Court for Baltimore City)[1]

---

1. By Ch. 523 of the Acts of 1980, the courts of the Supreme Bench of Baltimore City, which included the Criminal Court of Baltimore, the Superior Court of Baltimore City, the Court of Common Pleas, the Baltimore City Court and the Circuit Court of Baltimore City, were abolished and replaced by the Circuit Court for Baltimore City, effective January 1, 1983. Thus, hereinafter in this opinion, the Clerk of the former

approximately $152,000 for criminal court costs [2] incurred between July 1, 1972, and July 1, 1973. As a result of a 1974 audit by the Legislative Auditor which criticized his billing practices, the Clerk submitted to the City bills for criminal court costs for fiscal year 1974 totaling $154,266.

Following an opinion by the Baltimore City Solicitor, the City refused to pay the bills for the fiscal year 1974 criminal court costs. In response the State Comptroller rendered an opinion stating his view that the City was liable for all of the billed criminal court costs, and the Comptroller then withheld $119,490 owed to the City by the State in connection with other matters. Subsequently, the Maryland Attorney General also issued an opinion on the question of liability for these costs. *See* 60 Op. Att'y Gen. 63 (1975). From 1974 until the present time, the City has continued to dispute responsibility for over $2 million in criminal court costs billed to it by the Clerk.

In December 1979, the State and the Clerk filed this action in the Superior Court of Baltimore City,[3] pursuant to the Maryland Uniform Declaratory Judgments Act,[4] in which they sought a declaration of City liability for the criminal court costs and an order to require the City to pay these costs. The City denied liability and prayed for an order requiring the State to pay the $119,490 withheld by the State Comptroller. In a stipulation of facts the State admitted its obligation to pay the $119,490 withheld by the Comptroller.

The trial court, in February 1982, issued a memorandum opinion and a declaratory judgment. The court declared that

---

Criminal Court of Baltimore and the Clerk of the Circuit Court for Baltimore City will be referred to as the Clerk.

**2.** The phrase "criminal court costs," as used in this opinion, refers to the costs associated with criminal proceedings either when an accused is convicted but indigent and thus unable to pay or when the charges against an accused are disposed of in his favor. When a distinction is drawn between these two types of criminal court costs it will be indicated.

**3.** As pointed out in note 1, *supra,* the Superior Court of Baltimore City has now been abolished and replaced by the Circuit Court for Baltimore City.

**4.** Maryland Code (1974, 1980 Repl. Vol.), § 3-401 through § 3-415 of the Courts and Judicial Proceedings Article.

the City was not liable for the payment of criminal court costs incurred from July 1, 1973, to the time of the judgment, and it ordered the State to pay to the City the $119,490 withheld by the Comptroller. The State and the Clerk took an appeal to the Court of Special Appeals. Prior to argument in the Court of Special Appeals, the State and the Clerk filed a petition for a writ of certiorari which we granted.

## I

Preliminarily, it would be useful to review the historical development of liability for the payment of criminal court costs. First we shall discuss liability for the costs when the criminal charges are disposed of favorably to the accused. Then we shall discuss liability when an accused is convicted but unable to pay for the costs of the proceedings.

## A.

By Ch. 11 of the Acts of 1781, the Maryland General Assembly required the counties to pay the State for the costs and fees of criminal proceedings in their respective county courts if an accused was acquitted, or if the charges were otherwise disposed of in his favor, or if he was convicted and fined an amount not exceeding one shilling.[5] In the preamble to this statute, the Legislature deemed it "unjust and oppressive" to require an accused to pay for the costs of the proceedings under the circumstances specified.[6]

---

5. Prior to 1781, no sheriff, jailor, clerk, cryer or other official was statutorily allowed to charge any county for the costs of criminal proceedings when the proceedings against an accused were "discharged by order and due Course of Law" and when the accused was capable of paying for the costs from his estate, by servitude, or in other ways deemed appropriate. Ch. 26 of the Acts of 1715. In those circumstances, the accused was required to pay the costs which the officials demanded. If the accused was in servitude to a master or mistress, however, the officials were permitted to charge the county for the costs of the proceedings and the county could then require the servant to reimburse it after the expiration of the period of servitude.

6. Ch. 11 of the Acts of 1781 provided as follows:

"WHEREAS it is unjust and oppressive that any person, who
. may be prosecuted for any crime of which he is not guilty, should

Although the "one shilling" standard has been changed to fifteen cents, and the references to the "county courts" and the "general court" have been deleted, the 1781 statute has remained substantially unchanged since its enactment. Presently codified in Maryland Code (1957, 1982 Repl. Vol.), Art. 38, § 4A,[7] the statute now provides:

"§ 4A. Party acquitted not liable for costs; exception as to Baltimore City.

No person who may be prosecuted for any misdemeanor or offense and discharged by the court on submission, or fined not exceeding fifteen cents, or prosecuted for any crime and acquitted on trial by jury, shall be burdened with the payment of any costs or fees accruing on such prosecution, but all such costs and fees, with the legal costs of the party accused, shall be paid by the county; and no person taken upon any warrant or capias on presentment where no bill of indictment is found shall be liable to pay or give security for costs, but such costs shall be paid by the county. The mayor and city council of Baltimore shall not, however, be liable in any such cases tried in the Circuit Court for Baltimore

be burthened with the costs and charges accruing on the prosecution;

"SEC. 2. *Be it enacted, by the General Assembly of Maryland,* That no person who may be prosecuted for any misdemeanor or offence, and discharged by the court on submission, or fined not exceeding one shilling current money, or prosecuted for any crime and acquitted on trial by a jury, shall be burthened with the payment of any costs or fees accruing on such prosecution, but all such costs and fees, with the legal costs of the party accused, shall, in cases tried in the county courts, be charged to the county where such trial is had, and taxed and collected as part of the county charge; and such costs and fees on trial in the general court, shall be charged to the state, and paid as other public charges; and no person taken upon any warrant, or capias on presentment, where no bill of indictment is found in consequence thereof, shall be liable to pay or give security for any costs on account of such warrant, presentment or capias, but the same shall be charged to and paid by the county, or the public, as aforesaid."

7. The 1781 enactment was previously codified as Art. 24, § 7 of the Code. It was recodified without change, as Art. 38, § 4A, by Ch. 2 of the Acts of 1973, First Special Session.

City for the appearance fees allowed by law to the attorney for the traverser." [8]

The above-quoted statute has been discussed by this Court on only a few occasions. In *Schamel v. Washington County,* 83 Md. 128, 130, 34 A. 839 (1896), this Court stated that the statute required

"that the County Commissioners [of Washington County] must pay all witnesses before justices of the peace . . . summoned on behalf of the defendant where the defendant has been discharged, or punished only by a fine of fifteen cents, or acquitted. . . ."

Baltimore City's statutory liability for costs when defendants were acquitted, when the charges were otherwise disposed of in their favor, and when the defendants were fined less than fifteen cents, was again recognized by this Court in *M. & C.C. of Balto. v. Pattison,* 136 Md. 64, 66, 110 A. 106 (1920). There the Court pointed out that the City had conceded liability following the clerk's institution of a claim for the costs, and the Court indicated that this concession was required by what is now Art. 38, § 4A.

### B.

In addition to liability for costs and fees when criminal proceedings are disposed of in favor of the accused, the City and the counties have been held liable to the State for criminal court costs and fees when a defendant is convicted but indigent and thus unable to pay the costs and fees in criminal proceedings.

---

**8.** In addition to including persons acquitted by a jury and those fined not exceeding fifteen cents, the statute includes those who are "discharged by the court on submission." Both the City and the State in this case have proceeded upon the assumption that this statutory language means any disposition other than a conviction, and includes instances where there is an acquittal in a nonjury trial, a *nolle prosequi,* a stet, a dismissal, or an abatement because of the death of the accused. We shall, for purposes of this case, accept this interpretation of the statutory language. Throughout this opinion, the phrase "favorable disposition" or equivalent language has been used to encompass the situations covered by the statute.

At issue in *M. & C.C. of Balto. v. Pattison, supra,* was the obligation of the City to the State for costs and fees when indigent defendants are convicted. With respect to these costs, the City was not obligated by statute to reimburse the State. Nevertheless, the Court held that the City was liable for the costs and fees of the proceedings when indigent defendants were convicted, stating (*M. & C.C. of Balto. v. Pattison, supra,* 136 Md. at 68):

> "[T]he right of the clerk to collect from Baltimore City and the counties, respectively, accounts like the present one for fees in criminal cases, has been so long and so universally recognized and acted upon as to become a part of the common-law of the State."

By Ch. 576 of the Acts of 1924, the General Assembly attempted, *inter alia,* to change the common law rule recognized in *Pattison,* although only for Baltimore City. This Court in *Baltimore v. O'Conor,* 147 Md. 639, 128 A. 759 (1925), held Ch. 576 unconstitutional in its entirety because the method used violated Art. III, § 52, of the Maryland Constitution. The Court made it clear, however, that the holding in *Pattison* could be changed by a properly drawn statute. 147 Md. at 648. Nevertheless, the General Assembly has not directly addressed the matter since the *O'Conor* case.

## II

We shall now turn to the grounds relied upon by the trial court and the City for the position that the City is not liable for any of the criminal court costs billed by the Clerk.

### A.

First, the trial court held that Code (1957), Art. 36, § 12(d)(2), later transferred to the Courts and Judicial Proceedings Article of the Code by Ch. 684 of the Acts of 1974, and currently codified as § 7-202 (b) of the Courts and

Judicial Proceedings Article (1974, 1980 Repl. Vol.), governed this dispute and exempted the City from liability for payment of both types of criminal court costs in question. Subsection (b) of § 7-202 states that a county or Baltimore City is exempt from the fees provided "by this subtitle" unless the county or Baltimore City consents. Section 7-202 provides as follows:

"§ 7-202. Court fees.

(a) *Determination by State Court Administrator; uniformity; collection by clerks.* — The State Court Administrator, shall determine the amount of all court costs and charges for the circuit courts of the counties and the courts of the Supreme Bench of Baltimore City with the approval of the Board of Public Works. The fees and charges shall be uniform throughout the State.

The Comptroller of the State shall require clerks of court to collect all fees required to be collected by law.

(b) *Officials exempt from fees.* — The clerk may not charge any county or Baltimore City any fees provided by this subtitle, unless the county or Baltimore City first gives its consent.

(c) *Fees for other services.* — The clerk is entitled to a reasonable fee for performing any other service that is not enumerated in this subtitle or in §§ 3-501 through 3-503 of the Real Property Article of the Code.

(d) *Parties aggrieved by fee.* — If a party in a proceeding feels aggrieved by any fee permitted under this subtitle or by §§ 3-501 through 3-503 of the Real Property Article of the Code, he may request a judge of that circuit court to determine the reasonableness of the fee."

In our view, however, subsection (b) applies only when the City or counties are parties to proceedings.

Subsection (b) exempts the City and the counties only from a "fee provided by this subtitle," and the subtitle obviously is referring just to fees paid by parties to the proceedings. Section 7-201, the first section in the subtitle, states generally that no case may be docketed "unless the plaintiff or appellant pays the required fee." Section 7-202 (d) specifically refers to "parties" and "party." Furthermore, the fees referred to in this statute are for "services" provided to litigants, including the City and counties, by the state judicial machinery. § 7-202 (c).

When what is now § 7-202 (b) was first enacted in 1943, the Legislature clearly expressed the intent that it apply only when the subdivisions themselves were provided a service. Ch. 984 of the Acts of 1943 provided that the clerk of the court would not charge a county of the State "for any of the services enumerated herein, rendered such county," unless it consented thereto. The City or a county, however, would not be rendered a service unless it was a party to the proceedings. *See also City of Baltimore v. Clerk,* 270 Md. 316, 320, 311 A.2d 261 (1973) (applying the exemption provision to cases in which the City was a party).

Moreover, a construction of § 7-202 (b) making the statute applicable to criminal cases in which the City or a county is not a party, would mean that Ch. 11 of the Acts of 1781, now codified as Art. 38, § 4A, was repealed by implication when the language of § 7-202 (b) was first enacted by Ch. 984 of the Acts of 1943. But it is well-settled that courts should avoid a construction of one statute under which another statute is repealed by implication. "[T]he law does not favor repeal by implication." *Carroll Co. Educ. Ass'n v. Bd. of Educ.,* 294 Md. 144, 152, 448 A.2d 345 (1982), and cases there cited. In addition, Art. 38, § 4A, imposing upon the City and counties the costs and fees in criminal cases disposed of in favor of the accused, was entirely reenacted with a minor amendment by Ch. 820 of the Acts of 1982, § 1.

We therefore reject the trial court's determination that the City is exempt from liability for the criminal court costs by virtue of § 7-202 (b). Section 7-202 (b) was intended to apply

only to litigation where the City and counties are parties to the proceedings. On the other hand, Art. 38, § 4A, and the common law principle recognized in *Pattison* were intended to cover the costs and fees at issue in the present case.

### B.

The trial court alternatively held that Ch. 988 of the Acts of 1943, presently codified as § 2-504 of the Courts and Judicial Proceedings Article, abrogated what is now Art. 38, § 4A, and the common law rule enunciated in the *Pattison* case. Section 2-504, as it read at the time of trial, provided:

"§ 2-504. Compensation of clerk.

(a) *In general.* — The clerk of circuit court of a county or a court of the Supreme Bench of Baltimore City shall receive an annual salary of not less than $10,000 or more than $30,000 as set by the Board of Public Works on the basis of the relative volume of business and receipts in his office, provided that in Baltimore City a clerk's salary may not be less than $12,000.

(b) *Other compensation prohibited.* — A clerk shall devote his full working time to the duties of his office and is entitled to the salary fixed by the Board of Public Works.

(c) *Manner of payment.* — (1) The salary of a clerk is payable biweekly from the fees receipts, and emoluments of his office after deducting the necessary expenses of the office.

(2) If the fees and receipts of the office are insufficient to pay the salary of the clerk the deficiency shall be paid by the Comptroller from funds provided for that purpose in the State budget."

The court apparently was of the view that subsection (c) (2), providing that if the receipts of the clerk's office are insufficient to pay the clerk's salary, the deficiency shall be

paid from funds provided in the State budget, was inconsistent with Art. 38, § 4A, and the common law principle set forth in *Pattison*.

In our view, however, there is no inconsistency between § 2-504 of the Courts and Judicial Proceedings Article and Art. 38, § 4A, or the *Pattison* case. Section 2-504 relates solely to the clerk's salary and the method of paying that salary if the fees and receipts of the office are insufficient. Art. 38, § 4A, and the *Pattison* case, on the other hand, deal with the responsibility for paying certain fees and costs. The two statutes are concerned with totally different issues relating to fees and costs.

Furthermore, the principle that repeals by implication are not favored, and the reenactment of Art. 38, § 4A, in 1982, also compel rejection of the view that Ch. 988 of the Acts of 1943, now § 2-504 of the Courts and Judicial Proceedings Article, impliedly repealed Art. 38, § 4A, and overruled the *Pattison* case.

## C.

Additionally, with respect to costs and fees when criminal defendants are indigent, the City argues that *M. & C.C. of Balto. v. Pattison, supra,* should be overruled by this Court. As previously pointed out, the General Assembly was fully cognizant of *Pattison* and attempted to change for Baltimore City only the common law rule set forth in *Pattison* by enacting Ch. 576 of the Acts of 1924. The following year, in *Baltimore v. O'Conor, supra,* this Court held that Ch. 576 was unconstitutional, reaffirmed the holding in *Pattison,* and pointed out that the common law rule could be legislatively changed by a properly drawn statute.

The Legislature, instead of enacting further legislation abrogating or amending the common law rule, evidently decided not to address the matter. Although the Legislature has dealt with the subject of court costs on numerous occasions, the *Pattison* and *O'Conor* cases have remained undisturbed for over fifty years. Under these circumstances,

we believe that it would be particularly inappropriate to reconsider the holding in *Pattison.*

### D.

Finally, the City argues that part of the State's claim for the criminal court costs is barred by the statute of limitations provision in Code (1974, 1980 Repl. Vol.), § 5-101 of the Courts and Judicial Proceedings Article. This argument must also be rejected. It is firmly established by our cases that limitations do not run against the State, and the claims in this case are claims by the State. *See Wash. Sub. San. Comm'n v. Pride Homes,* 291 Md. 537, 435 A.2d 796 (1981); *Central Coll. Unit v. Atl. Con. Line,* 277 Md. 626, 356 A.2d 555 (1976).

Consequently, the City is liable for the criminal court costs and fees at issue in this case.

> *Judgment of the Superior Court of Baltimore City (now the Circuit Court for Baltimore City) reversed and case remanded to that Court for further proceedings not inconsistent with this opinion.*
>
> *Respondent to pay the costs.*