# THE BOARD OF COUNTY SCHOOL COMMIS-SIONERS OF CAROLINE COUNTY

## *vs.*

## HENRY W. HINSON.

*Mandamus*: *writ not "ex debito."   State Board of Education*:
*powers of—; process of court to enforce decisions of—.*

Unless the right, which the petitioner seeks to enforce by a writ of mandamus, is clear and unequivocal, the writ should not be granted.                                   p. 472

The writ of mandamus is not granted *ex debito justitiæ.* p. 472

The process of a court may sometimes be necessary to enforce the decisions of the State Board of Education.          p. 472

Where the State Board of Education directed the School Commissioners of a county to fix the boundaries of a certain district, and further directed them, in case there should be the required annual average attendance of *bona fide* pupils, within the limits of the district so fixed by them, to keep the school open until 60% of the patrons of the school should consent to its being closed: *Held,* that where a petition for a mandamus, to compel the School Commissioners to keep the said school open, did not allege, and the evidence did not show, that the School Commissioners had not fixed the boundaries, as required by the order, the writ should not issue.                          p. 473

*Decided June 23rd, 1915.*

Appeal from the Circuit Court for Caroline County. (Adkins and Hopper, JJ.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER and STOCKBRIDGE, JJ.

*Reuben Garey,* for the appellant.

*T. Alan Goldsborough,* for the appellee.

THOMAS, J., delivered the opinion of the Court.

This is a mandamus case, and the appeal is from an order of the Circuit Court for Caroline County, passed on the petition of the appellee, one of the patrons of a public school in that county called Furman's Grove School, requiring the Board of County School Commissioners to open said school at once and to keep it open throughout the scholastic year 1914-1915.

The history of the proceedings, and the circumstances under which the order appealed from in this case was passed, are fully set out in the opinion in the case of the *Board of County School Commissioners of Caroline County* v. *Wesley Breeding and others, ante,* page 83.

In that case the bill was filed by the Board of County School Commissioners against Wesley Breeding and others to enjoin them from using the school building of Furman's Grove School and from maintaining a school therein, and this Court in disposing of the case held that the controversy was one involving the proper administration of the public school system of the State which should be referred to and finally settled by the State Board of Education, and that the Court had no power to interfere. Our reasons for so holding, and the authorities supporting our conclusion, are stated in that opinion. They apply with equal force to this case, and it would serve no good purpose to repeat here what we there said.

The record of the case referred to and the opinion of this Court show that the first petition filed by the appellee for

a mandamus was dismissed by the Court below because the petitioner had not applied to the State Board of Education for the relief sought; that the matter was subsequently referred to the State Board of Education and disposed of by the State Board in the following order:

"The Board of School Commissioners of Caroline County are hereby directed to fix the boundaries of the 'Furman's Grove School district, and when so determined, if the annual average attendance of *bona fide* pupils of the school district as shall be laid down were twelve or more for the school year 1913-1914, the Board of School Commissioners shall open the school and keep it open until the consent of sixty per cent. (60%) of the school patrons of said school district shall be obtained to consolidate the same with some other school.'"

The petition in the present case was filed after that order was passed by the State Board of Education, and it is nowhere alleged in the petition, nor does it appear from the evidence in this case that the boundaries of Furman's Grove School District had been fixed by the Board of County School Commissioners, as required by said order.

In the case of *Underwood* v. *School Board*, 103 Md. 181, the present CHIEF JUDGE of this Court said: "And it may sometimes be necessary to have the process of a Court to enforce a decision of the State Board of Education"; and that statement was repeated by this Court in the opinion referred to above. But the settled rule in this State is that unless the right which the petitioner seeks to enforce is clear and unequivocal the writ of mandamus will not be granted. In the case of *Brown* v. *Bragunier*, 79 Md. 234, JUDGE McSHERRY, speaking for the Court said: "The remedy by *mandamus* is not one which is accorded *ex debito justitiae*. The writ is a prerogative one; and unless the right which the relator seeks to enforce is clear and unequivocal, and the correlative duty which the respondent refuses to perform is purely ministerial, and there be no other adequate remedy at law,

it will not be granted." Under the order of the State Board of Education, it became the duty of the Board of School Commissioners of Caroline County to fix the boundaries of the Furman's Grove School District, and when the boundaries were so fixed, if the annual average attendance of *bona fide* pupils of that district was twelve or more for the school year 1913-1914, to open the school and keep it open until the consent of sixty per cent. of "the school patrons" of that district should be obtained to consolidate the school with some other school. Therefore until the boundaries of the school district had been fixed, and the number of *bona fide* pupils of that school district had been ascertained, there was no *duty* imposed upon the Board of School Commissioners to *open the school,* and the petitioner could not compel the Board to do so. In other words, the *duty* of the Board of County School Commissioners to *open the school,* and the *clear right* of the petitioner to have it opened, were conditional, and could not arise until the conditions had been complied with, that is to say, until the "boundaries" of the district had been fixed by the Board of County School Commissioners as required by the order of the State Board, and the average attendance of *bona fide* pupils of that district, so located, for the year 1913-1914, was found to be twelve or more.

It follows that the order appealed from can not be sustained upon the theory that it was passed to enforce the order of the State Board of Education.

For the reasons stated in this opinion, and in the opinion of this Court in the case of *Board of County School Commissioners of Caroline County* v. *Wesley Breeding and others, supra,* we must reverse the order of the Court below and dismiss the petition.

> *Order reversed; with costs to the appellant, and petition dismissed.*