GORDON TULL

*vs.*

WILLIAM JEROME STERLING,
CLERK OF THE CIRCUIT COURT FOR SOMERSET COUNTY.

*State's Attorneys' fees: Somerset County; condemnation of oyster bars. ·Official salaries: mandamus or suit at law.*

Under Section 24 of Article 10 of the Code, the appearance fees of State's Attorneys are to be treated like other fees or items of compensation for official services, and as such are required to be reported to the Comptroller according to Section 1 of Article 15 of the Constitution.                    p. 167

By Chapter 280 of the Acts of 1906, the salary of the State's Attorney for Somerset County is limited to $1,000 in lieu of the fees theretofore provided for; the fact that fees for condemnation of natural oyster bars were paid to him by the State officials does not confer upon him the right to retain such fees, which the Act of 1906 denies him.                    p. 168

A mandamus should not be issued for the payment of officials' salaries where the claim could have been adequately enforced by a suit at law.                    p. 169

*Decided June 20th, 1918.*

Appeal from the order of the Circuit Court for Somerset County.  (STANFORD, J.)

The facts are stated in the opinion of the Court.

The cause was submitted to BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Gordon Tull* filed a brief for the appellant.

URNER, J., delivered the opinion of the Court.

In pursuance of a statutory duty, imposed upon him as the State's Attorney for Somerset County, the appellant instituted, and conducted a trial and judgment, in the name of the State, thirty-eight separate proceedings in the Circuit Court for that county for the condemnation of certain natural oyster bars and areas for the use of the public. The costs of the proceedings as taxed by the clerk of the Court, and paid to him out of the State Treasury, included an appearance fee of five dollars in each case for the appellant as attorney for the State. The Local Code for Somerset County contains the following provision, enacted by Chapter 280 of the Acts of 1906:

> "The State's Attorney of said Somerset County, in lieu of the fees received by him, as provided for in any local law for Somerset County, or in any general law of the State, shall receive a salary of one thousand dollars per annum as full compensation for his entire services as required of him by law or which may hereafter be required of him by any law of this State, to be paid to him by the County Commissioners of Somerset County."

In view of this provision the clerk was advised that he could not legally pay any appearance fees in the condemnation cases to the appellant, and his demand that they be paid to him was accordingly refused. A petition for mandamus to compel the payment was then filed, but it was dismissed on demurrer, and the pending appeal has resulted.

It is provided by the Constitution of the State, by section 9 of Artivle V, in part, as follows:

"The State's Attorney shall perform such duties and receive such fees and commissions or salary, not exceeding three thousand dollars, as may now or may hereafter be prescribed by law; and if any State's Attorney shall receive any other fee or reward than such as is or may be allowed by law, he shall, on conviction thereof, be removed from office."

The expressed purpose of the local law for Somerset County, which we have quoted, was to provide for the compensation of the State's Attorney for that county by means of a specified salary in lieu of the fees theretofore received by him for the performance of his official duties. If this change had not been made in the method and measure of his compensation, and the fee system had continued to apply to his office, the appearance fees in question would have had to be reckoned as part of the fees for which he would be accountable and out of which he would be paid for his services to the amount limited by the Constitution or by statute. It is made the duty of every person holding office under the Constitution or laws of this State (except justices of the peace, constables and coroners), "whose pay or compensation is derived from fees or moneys coming into his hands for the discharge of his official duties, or in any way growing out of or connected with his office" to "keep a book in which shall be entered every sum or sums of money received by him, or on his account, as a payment or compensation for his performance of official duties a copy of which entries," verified by his oath, "shall be returned yearly to the Comptroller of the State for his inspection," and when the amount so received by such officer for the year "shall exceed the sum which he is by law entitled to retain as his salary or compensation for the discharge of his duties, and for the expenses of his office," he is required to "yearly pay over to the Treasurer of the State the amount of such excess." Constitution, Art. XV, sec. 1. The Code of Public General Laws, by section 24 of Article 10, provides that accounts of State's

Attorneys against the County Commissioners of their respective counties "may include a reasonable trial fee for each case actually tried, to be allowed in the discretion of the Court, as well as the appearance fee provided by law," and the next succeeding section of the same article of the Code authorizes the Comptroller of the Treasury to adjust and settle the claims of any of the State's Attorneys "for appearance fees in civil cases due them by the State, and for all fees similarly due for services rendered under the opinion of the Attorney General in the matter of cases removed from said county for trial or otherwise." It seems perfectly clear from these provisions, that appearance fees received by State's Attorneys were intended to be treated, like other fees, as items of compensation for official service, and as such were required to be reported to the Comptroller and the excess over the prescribed salary paid annually into the State Treasury.

The salary of the State's Attorney for Somerset County is not payable from fees, which he is authorized to charge and collect, but by direct payment from the county in equal quarterly instalments. There is a provision in the Local Code that in all criminal cases in the Circuit Court for the county, in which the State's Attorney shall appear for the State, an appearance fee as allowed by existing law, shall be taxed as part of the costs, and when collected from the party liable therefor shall be paid over by the clerk to the County Commissioners to be applied by them to the payment of the State's Attorney's salary, for which, also, to such extent as may be necessary, they are directed to provide by taxation. It was in "full compensation for his entire services" under existing or future laws, that the stated salary was to be paid. It was declared to be "in lieu of the fees heretofore received" by the State's Attorney "as provided for in any local law" for the county "or in any general law of the State." There could hardly be a more plain and positive statement of the legislative purpose to limit the State's Attorney's compensa-

tion, for all of his official services, to the amount of the annual
salary which the statute substituted for the fees which he
had theretofore been accustomed to receive.

The cases in which the State's Attorney claims to be en-
titled to appearance fees were instituted by him in the per-
formance of a duty which was imposed upon him in his
official capacity by section 96C of Article 72 of the Code of
Public General Laws. · It was a duty clearly within the
purview of the provision which defined the services for
which the prescribed salary was intended to afford an exclu-
sive compensation. Whether the salary was adequate in view
of the nature and number of the cases in which the appear-
ance fees are claimed is a question with which the Legislature
has full power to deal, but which we have no authority to
consider for the purposes of our decision. The only inquiry
we can properly entertain is whether the appellant has a
legal right to the appearance fees in dispute and to the writ
of mandamus to enforce their payment. To that question
our answer must be in the negative.

The fact that the amount of the appearance fees was paid
to the clerk by the State is not a consideration which can
affect our conclusion. The fees were doubtless taxed and
paid in the usual routine of such transactions, without refer-
ence by the State's financial officers to the limitations as to
the source and amount of the compensation of the State's
Attorney for Somerset County, and we see no reason to hold
that their act of paying the fees to the clerk has had the
effect of conferring upon the appellant a right to the fees
which the statute has denied.

The case of *Worcester County* v. *Melvin,* 89 Md. 37, upon
which the appellant relied to some extent, involved a very
different question. It was there held that when a claim
against the county for services rendered by counsel duly
appointed to defend or prosecute a criminal case had been
approved by the judge of the Circuit Court of the county,
as provided by a local statute, it was the duty of the County

Commissioners to pay the claim, and the fact that the counsel had received an appearance fee in the same case, as authorized by law (Code, Art. 36, sec. 10), was not a valid ground for the refusal of the commissioners to pay the fee which the judge had approved.

As the question here presented is governed by the special terms of the organic and statutory laws of our own State, to which we have referred, it is not necessary to discuss the cases in other jurisdictions which are cited in the appellant's brief.

If we could have reached a conclusion that the appellant is entitled to the appearance fees in controversy, we should nevertheless have concurred in the dismissal of his petition for the extraordinary writ of mandamus for the reason that his claim could have been adequately enforced by an ordinary suit at law. *Goldsborough* v. *Lloyd,* 86 Md. 378; *Caroline School Commissioners* v. *Hinson,* 126 Md. 472; *Brown* v. *Bragonier,* 79 Md. 234; *McEvoy* v. *Baltimore,* 126 Md. 124; *Hummelshime* v. *Hirsch,* 114 Md. 39.

*Judgment affirmed, with costs.*