**Gen. 123]**                                                                 **123**

**COURTS AND JUDGES**

**CRIMINAL PROCEDURE – FEES – COSTS – ASSESSMENT OF "COSTS OF PROSECUTION" FOR WHICH A CONVICTED DEFENDANT IS LIABLE**

August 12, 2010

*The Honorable Joel J. Todd*
*State's Attorney for Worcester County*

You have asked for an interpretation of certain provisions of the Annotated Code of Maryland concerning the assessment of the "costs of prosecution" against a person convicted of a crime. In particular, you ask who assesses these costs and how they are determined. You indicate that there has been a disagreement with the Public Defender's Office as to whether "costs of prosecution" in these statutes are the same as court costs.

In our opinion, the "costs of prosecution" assessed against a convicted defendant are the court costs associated with the criminal case. They are assessed by the court in which the prosecution took place, in accordance with the statutes defining costs and schedules adopted by the State Court Administrator.

**I**

**Liability for Costs of Prosecution**

In posing your question, you cite Annotated Code of Maryland, Courts & Judicial Proceedings Article ("CJ"), §7-502 and certain related statutes. CJ §7-502 provides simply:

> A person who is found guilty of a crime shall be liable for the costs of the person's prosecution.

For purposes of this section, "costs" is defined to mean "the cost of prosecuting a person for a crime." CJ §7-501(b).[1] If a defendant fails to pay those costs, the State may collect the unpaid costs from the defendant in the same manner as a civil judgment. CJ §7-505. A defendant who is found not guilty is not liable for costs. CJ §7-203(b)(2). Regardless of the outcome of a criminal case, a county is not liable for the costs of the proceeding. CJ §7-203(b)(1).

Costs are not a fine or part of the penalty for a crime; accordingly, a defendant may not be imprisoned for failure to pay costs. CJ §§7-501(d)(2), 7-505(b). However, payment of costs may be made a condition of probation. Annotated Code of Maryland, Criminal Procedure Article ("CP"), §6-219(b)(2).[2]

To understand a convicted defendant's liability for the "costs of prosecution" under these provisions, one must take a broader look at the subject of "costs." This includes consideration of the various statutes, constitutional provisions, common law rules, and court rules that relate to costs, and their historical development. We focus on the evolution of various provisions of State law concerning costs that relate to criminal prosecution.

## II

### Analysis

The assessment of costs against a party – in a criminal prosecution or other litigation – was not part of the common law. *See Reese v. Mandel*, 224 Md. 121, 130, 167 A.2d 111 (1961); 20 Am.Jur. 2d *Costs* §103. As a general rule, liability for, and the assessment of, costs is governed by statute. The laws regarding "costs" may be categorized in three ways: (1) laws that set forth the elements of costs; (2) laws that determine liability for costs; and (3) laws that govern the disposition of payments received for costs. In

---

[1] For purposes of this statute, "crime" is defined as "any act or omission for which a statute or ordinance imposes a fine or imprisonment." CJ §7-501(c)(1). It does not include a municipal infraction under Annotated Code of Maryland, Article 23A, §3. CJ §7-501(c)(2).

[2] In addition, the payment of costs is a condition for the grant of a *nolle prosequi* by the Governor, which is itself a rare occurrence. CP §1-208.

other words, they respond to the questions: What are they? Who pays them? Where do they go?

In Maryland, many of the statutes that govern costs have been part of State law, in some form, for centuries. Others are of very recent origin. Provisions have been codified in disparate parts of the code and recodified over the years, sometimes without explicit cross-references to each other. Initially, costs were part of the system for financing certain State offices that were funded through fees. The laws concerning costs provided the means of assessing liability for, and collecting, those fees. Over time, the link between costs and the funding of specific offices was gradually abandoned. Instead, while costs are still computed as fees associated with particular actions or services of State offices, the resulting revenue is now generally directed to the general fund or certain special funds for appropriation in the State budget.

## A. *Funding of State Officers through Fees Assessed as Costs*

*Fees as a Direct Source of Compensation of State Officers*

The assessment of costs in criminal cases began as a way of directly funding State entities involved in a prosecution. Beginning in the colonial period, various State offices, including prosecutors, sheriffs, and clerks of court, were funded through fees assessed in connection with individual prosecutions, including attorney appearance fees. *See, e.g.,* Chapter 48, §7, Laws of Maryland 1715 (appearance fees of attorneys);[3] *see also* Chapter 292, Laws of Maryland 1846 (fees of clerk of court); Chapter 164, §1, Laws of Maryland 1820 (fees of constable). In criminal cases resulting in a conviction, such costs were assessed against the individual who had made them necessary – the convicted defendant. *See, e.g.,* Chapter 6, Laws of Maryland 1777 (recovery of fines and forfeitures "with

---

[3] This law provided, in relevant part:

> ...there shall be paid ... to his majesty's attorney-general, for any action in the provincial court, at the suit of his majesty, indictment, presentment, or information, the sum of four hundred pounds of tobacco and no more, any law, statute or custom to the contrary in anywise notwithstanding.

This law also set appearance fees – also denominated in pounds of tobacco – for private attorneys litigating matters in the provincial and appellate courts.

costs"); Chapter 138, §22, Laws of Maryland 1809 (assessing costs of prosecution against incarcerated offender's estate).[4] On the other hand, if the accused were acquitted or sentenced to a minimal fine, the county was liable for costs. *See* Chapter 11, Laws of Maryland 1781.

This practice was enshrined in the original version of the 1867 State Constitution that, in amended form, remains the foundation of Maryland jurisprudence today. Under the original version of Article V, §9 of the State Constitution, State's Attorneys were funded by "such fees and commissions as are now, or may hereafter be, prescribed by law." In 1901, this provision was amended to allow for compensation of State's Attorneys through "fees and commissions *or salary*." Chapter 185, Laws of Maryland 1900, *ratified* November 5, 1901 (emphasis added). This amendment thus offered the option of paying the State's Attorney directly instead of relying on appearance fees related to individual cases.[5]

---

[4] These provisions are still part of Maryland law, though with substantial revision. *See* CJ §7-502; Annotated Code of Maryland, Correctional Services Article, §9-605.

[5] The effect of that amendment was tested a few years later after the General Assembly passed a public local law that provided for the compensation of the Somerset County State's Attorney by salary paid directly by the county. *Tull v. Sterling,* 133 Md. 164, 167, 104 A. 191 (1918) ("The salary of the State's Attorney for Somerset County is not payable from fees, which he is authorized to charge and collect, but by direct payment from the county in equal quarterly installments."). The fees which the State's Attorney had previously received for compensation and expenses of that office and which were taxed as part of costs, were thereafter to be paid over by the clerk to the county commissioners, to be applied to the payment of the State's Attorney's salary. *Id.*

In *Tull*, the State's Attorney claimed an entitlement to appearance fees as additional compensation and brought suit against the court clerk for appearance fees paid by the State related to specific cases he had prosecuted. The Court of Appeals rejected the State's Attorney's complaint, holding that the statute clearly relieved him of any claim to the appearance fees that had been taxed as costs:

> There could hardly be a more plain and positive statement of the legislative purpose to limit the State's Attorney's compensation, for all his official services, to the amount of the annual salary which the statute substituted for the fees which he had theretofore been accustomed to

(continued...)

The offices of other locally elected State officials – the clerks of the circuit courts, sheriffs, registers of wills – were similarly funded by fees under the original version of the 1867 Constitution. For example, under the original versions of Article III, §45 and Article IV, §10,[6] the compensation of court clerks and their staffs derived directly from statutory fees that were charged by the clerk. To the extent the clerks collected revenues above the compensation prescribed by law, they were required annually to remit that surplus to the State Treasurer. Maryland Constitution, Article XV, §1.

As of the turn of the 20th century, as the Court of Appeals later wrote, fees directed to State's Attorneys went toward their compensation:

> It seems perfectly clear from these provisions, that appearance fees received by State's Attorneys were intended to be treated, like other fees, as items of compensation for official service, and as such, were required to be reported to the Comptroller and the excess over the prescribed salary paid annually into the State Treasury.

*Tull v. Sterling*, 133 Md. at 167.

---

[5] (...continued)
    receive.

*Id*. at 167-68. Accordingly, the Court held that the State's Attorney was not entitled to payment of the appearance fees that had been paid to the clerk by the State.

[6] Article IV, §10 provided, in pertinent part:

> The Clerks of the several Courts ... shall ... be allowed the fees which appertain to their several offices, as the same now are or may hereafter be regulated by law ....

Article IV, §10 (1867). A related portion of Article III, §45 provided:

> ... such compensation of Clerks, Registers, assistants and office expenses shall always be paid out of the fees or receipts of the offices, respectively.

Article III, §45 (1867).

*Fees Recovered as Costs of Litigation*

The specific fees assessed for the services of State's Attorneys, clerks, and other State officers in connection with criminal cases were set forth in statute. The apportionment of the liability for these costs was governed by separate statutes and by a common law interpretation of the statutes.

Most of the provisions specifying fees, which had been part of Maryland's statutory law for many years, were collected in former Article 36 of the Maryland Code. For example, in the 1911 version of the Maryland Code, various provisions setting forth the fees charged by clerks, registers of wills, sheriffs, constables, and other officers appeared in Article 36 entitled "Fees of Officers." Among the fees related to criminal cases were the appearance fees payable to State's Attorneys. Former Article 36, §10 (1911). Other fees related to criminal cases concerned services provided by clerks, constables, and justices of the peace. *See, e.g.*, Former Article 36, §§12, 14, 19 (1911).

Article 38, entitled "Fines and Forfeitures," had several sections governing the recovery and disposition of fines and forfeitures, and assigned liability for the costs of criminal prosecution to convicted defendants. It provided that a defendant convicted of an offense was to be assessed the "costs of his prosecution", among other things. Former Article 38, §1 (1911). When the Legislature first authorized probation as a possible disposition of a criminal case for first offenders, it gave the sentencing court the option of requiring the offender to pay the "costs of the prosecution" as a condition of that status. Chapter 402, Laws of Maryland 1894, *codified at* Article 27, §304A.

Article 24, entitled "Costs," did not concern the amount of costs – a topic covered in Article 36 – but rather dealt with liability for costs in particular situations – *e.g.,* when a case was removed from one county to another. It specified a number of circumstances under which costs were assessed to the county. With particular relevance to criminal prosecutions, it provided that, if the defendant was acquitted or fined no more than 15 cents, the costs were to be paid by the county. Former Article 24, §7 (1911). In addition, a common law rule developed under which the county paid the costs associated with a criminal prosecution even if there was a conviction, if the defendant was indigent or otherwise failed to pay.

*Mayor and City Council of Baltimore v. Pattison*, 136 Md. 64, 67, 110 A. 106 (1920).[7]

### B. *Evolution of Fee and Cost Provisions in Twentieth Century*

Over time, the State Constitution and relevant statutes were amended to eliminate the direct connection between the fees that were taxed as costs of litigation and the funding of local State officers. However, the fees have been retained as a source of State revenue.

*Separation of Office Funding from Fee Revenue*

By the middle of the 20th century, the provision of the Constitution that dealt with the compensation of State's Attorneys – Article V, §9 – had been amended to eliminate the reference to fees and commissions and to provide solely for salaried compensation of State's Attorneys. Chapter 490, Laws of Maryland 1943, *ratified* November 7, 1944. Shortly thereafter, the General Assembly enacted legislation setting salaries for State's Attorneys to be funded through payments by the respective counties. Chapter 791, Laws of Maryland 1945, *enacting* Article 10, §37A, *now codified as amended at* CP §15-401 *et seq.*[8]

---

[7] In 1924, legislation was enacted that would have relieved Baltimore City of this liability, as well as changed the manner of funding the State's Attorney and other State officers in Baltimore City. Chapter 576, Laws of Maryland 1924. However, the Court of Appeals held that the funding provisions violated the Budget Amendment of the State Constitution (Article III, §52) and that the provision relieving Baltimore City of liability for defendants' costs, though constitutional in itself, was not severable from the rest of the bill. *Mayor and City Council of Baltimore v. O'Conor*, 147 Md. 639, 653, 128 A. 759 (1925).

At the same time, an amendment of Article V, §9 of the State Constitution absolved Baltimore City from paying appearance fees to the State's Attorney. Chapter 177, Laws of Maryland 1924, ratified November 4, 1924.

[8] That section also provided that any fees to which the State's Attorney would be entitled "shall be collected and paid over to the board of county commissioners or county council of his county and credited to the general funds of the county." Article 10, §37A (last paragraph), *now codified at* CP §15-402(b)(2). It is not clear what, if any, fees would currently fall into this category as the appearance fees to which State's Attorneys were entitled under Article 36, §10 are now specifically

(continued...)

The link between court costs and the expenses of the circuit court clerks was also severed. In 1941, Article III, §45 of the Constitution was amended to delete a provision stating that the clerk's offices were funded solely by fees; instead, compensation was to be "such as may be prescribed by law." Chapter 509, Laws of Maryland 1941, *ratified* November 3, 1942. In 1986, Article IV, §10 of the State Constitution was amended to provide that the clerks of court are to be funded through appropriations in the State budget and that their revenues would be treated as State revenues. Chapter 722, Laws of Maryland 1986, *ratified* November 4, 1986. *See also* 72 *Opinions of the Attorney General* 21 (1987) (discussing background of constitutional amendment); 68 *Opinions of the Attorney General* 96 (1983) (discussing compensation of clerks and staff prior to amendment).

### *Recodification of Longstanding Fee and Cost Provisions*

In 1973, the creation of the Courts & Judicial Proceedings Article resulted in the recodification of many provisions concerning costs – in particular, the provisions of Article 24 concerning liability for costs assessed by the clerks, along with provisions in Article 36, concerning the precise fees charged by the clerks and the appearance fees payable to attorneys. Chapter 2, §2, First Spec. Sess., Laws of Maryland 1973. The specific fees charged by the clerks were listed in new CJ §7-202. Shortly thereafter, the General Assembly amended that section to eliminate the specification of fees, and instead authorized the State Court Administrator to devise a system of fees subject to the approval of the Board of Public Works. Chapter 548, Laws of Maryland 1975. Attorney appearance fees were recodified in CJ §7-204. Subsequently, the Legislature dedicated the revenues from those fees, for criminal as well as civil cases, to the support of the local law library and related purposes in most counties. *See* CJ §7-204(b)-(w).[9]

---

[8] (...continued)
designated for the support of law libraries in the various counties. *See* CJ §7-204(b)-(w).

[9] The General Assembly eliminated the collection of appearance fees in Montgomery County. Chapter 662, Laws of Maryland 1985. Also, as noted above, a 1924 amendment of Article V, §9, had relieved Baltimore City of liability for appearance fees to the State's Attorney. *See* note 7 above.

The provision that imposed liability for the costs of prosecution on a convicted criminal defendant remained in Article 38, §1 for another 30 years until a later code revision recodified it as CJ §7-502. Chapter 26, §2, Laws of Maryland 2004.[10] The General Assembly also amended and recodified the provision allowing costs to be a condition of probation while expanding the availability of probation. It has retained the option of requiring the probationer to pay costs. *See* CP §6-219(b)(2).

As part of the 1973 code revision, the provision that imposed liability for costs on county governments in criminal cases when there was an acquittal or minimal sentence was moved from Article 24, §7 to Article 38, §4A. Chapter 2, §2, First Spec. Sess., Laws of Maryland 1973. Subsequently, Baltimore City disputed its liability to the State for costs associated with criminal prosecutions under Article 38, §4A, when the accused prevailed, was sentenced to a minimal fine, or was indigent. Attorney General Burch confirmed the clerk's authority to charge the City for such costs. 60 *Opinions of the Attorney General* 63 (1975). The City later declined to pay; the Comptroller withheld corresponding State funds due to the City. Litigation ensued in which the Court of Appeals held that the City was liable for such costs. *State v. Mayor and City Council of Baltimore*, 296 Md. 67, 459 A.2d 585 (1983).

After the Court of Appeals decision, the City pursued repeal of Article 38, §4A in the General Assembly. It succeeded in 1986. Chapter 550, Laws of Maryland 1986. That legislation also added CJ §7-203, which bars a clerk from assessing costs of a criminal prosecution against a county (or Baltimore City). It also retained the part of the former statute that barred the clerk from assessing costs against a defendant who is found not guilty.

Finally, as part of the creation of the Courts & Judicial Proceedings Article, the Legislature recodified Article 36, §14, concerning fees charged by the clerks of the appellate courts, as CJ §7-102 and included in the same subtitle other provisions concerning liability for appellate costs that had previously appeared in former Article 5 of the code. A few years later, CJ §7-102 was amended to dispense with the list of specific fees in favor of granting the State

---

[10] The same legislation also recodified most of the other provisions of Article 38 as part of Title 7, subtitle 5, of the Courts & Judicial Proceedings Article.

Court Administrator authority to set fees subject to the approval of the Board of Public Works. Chapter 523, Laws of Maryland 1976.

### C. *Modern Cost Provisions*

In recent years, the Legislature has created certain costs to be assessed in criminal cases unrelated to fees for any particular office or service.

*Additional Costs in Criminal Cases to Finance Special Funds*

In 1968, as part of the Criminal Injuries Compensation Act, the General Assembly directed that additional costs in the amount of $5 be imposed on convicted defendants in criminal cases. Chapter 455, §1, Laws of Maryland 1968, codified at Article 26A, §17. The statute stated that political subdivisions would not be responsible for this cost and also directed that the proceeds be paid to the State's general fund. Later amendments increased the amount of costs for certain offenses and designated the proceeds for three special funds related to services for crime victims – the Maryland Victims of Crime Fund, the Victim and Witness Protection and Relocation Fund, and the Criminal Injuries Compensation Fund. The cost provisions were moved to Article 27, §830 and ultimately recodified as CJ §7-409. Chapter 585, §2, Laws of Maryland 1996; Chapter 10, §§1, 3, Laws of Maryland 2001. This statute thus not only establishes the amount of the particular fee and assigns the liability for that as costs to a particular party – *i.e.*, a convicted defendant – but also directs the disposition of the proceeds.

*Creation of the District Court; Costs Designated as State Revenues*

After the District Court was created in 1970 pursuant to a constitutional amendment,[11] the General Assembly enacted legislation providing for the imposition and collection of costs in the District Court. Chapter 528, §1, Laws of Maryland 1970; Chapter 423, §9, Laws of Maryland 1971. The cost provisions were originally codified in Article 26, §§150A, 155. With respect to criminal cases, those provisions provided for the collection of costs in the amount of $5, in addition to any costs required by the Criminal Injuries Compensation Act, and directed that the proceeds be

---

[11] *See* Chapter 789, Laws of Maryland 1969, *ratified* November 3, 1970.

remitted to the State. As part of the creation of the Courts & Judicial Proceedings Article, these cost provisions were recodified as CJ §§7-301, 7-302. Chapter 2, §1, First Spec. Sess., Laws of Maryland 1973.

### D. Judicial Construction of "Costs of Prosecution" in Relation to "Court Costs"

The history of cost provisions in State law outlined above indicate that the "costs of prosecution" mentioned in CJ §7-502 are simply the "costs" or "court costs" that are set forth in other parts of the code or in the schedules devised by the State Court Administrator. The reasoning of two decisions of the Court of Appeals confirms that conclusion.

In *Turner v. State*, 61 Md. App. 1, 484 A.2d 641 (1984), *rev'd*, 307 Md. 618, 516 A.2d 579 (1986), the defendant pled guilty to a robbery offense and was sentenced to five years imprisonment, with credit for time served; the remainder of the sentence was suspended and the defendant was placed on probation on the condition that he pay court costs within 60 days of sentencing. The defendant failed to pay the entire amount of costs within the allotted time, he was found in violation of probation, and probation was revoked.

On appeal, the Court of Special Appeals held that the trial court's finding that the defendant had the ability to pay the fine was not clearly erroneous and affirmed the revocation of probation. However, the Court of Appeals reversed, holding that the record demonstrated that the defendant failed to pay the costs because he was indigent. In the course of their opinions, both appellate courts referred to the "costs of prosecution" assessed under Article 38, §1, the predecessor of CJ §7-502, as "court costs." 61 Md. App. at 4-5; 307 Md. at 620-25.

In *Medley v. State*, 386 Md. 3, 870 A.2d 1218 (2005), the Court of Appeals made clear that a particular expense could only be awarded as a "cost of prosecution" under CJ §7-502 if that expense was a "cost" as defined in other statutes or rules concerning costs. In that case, the defendant was convicted of possession of marijuana, based upon a guilty plea and an agreed statement of facts. The trial court sentenced him to time served, $125 in court costs, and a "fine" of $1,000 for the cost of the jury venire that had been assembled for the case. The defendant filed a motion to correct an illegal sentence and appealed when the motion was denied.

The Court of Appeals acknowledged that "a sentencing judge may assess court costs to a defendant in a criminal trial" citing former Article 38, §1, but observed that the statute provided that costs could not be part of a fine. 386 Md. at 6-7, 10. It thus implicitly equated the "costs of prosecution" in that statute with the concept of "court costs." The Court then considered whether any statute or rule would have allowed the trial court to award the costs of the jury venire as part of the costs of prosecution. It found none. Because there was "no plausible statutory authority" allowing the assessment of such costs, the Court reversed the sentence and remanded for a new sentencing. *Id* at 10-11.

### E. Summary

As the discussion above indicates, CJ §7-502 authorizes a court to assess the costs of prosecution against a convicted defendant. The elements of costs are set forth in various statutes. Thus, in a particular case, the court must look to the pertinent statutes to assess costs.[12] The key laws can be summarized as follows.[13]

### 1. Costs of Criminal Cases in the Trial Courts

Unless the court orders otherwise, a trial court is to include an assessment of "court costs" against the defendant as part of any judgment of conviction, or disposition by probation before judgment, or plea of nolo contendere. Maryland Rule 4-353.

---

[12] Similarly, federal law authorizes federal district courts to order a convicted defendant to pay the costs of prosecution. 28 U.S.C. §1918(b). The elements of those costs are set forth in statute. 28 U.S.C. §1920. A court may not award costs that are not enumerated in that statute. *See United States v. Mink,* 476 F.3d 558 (8th Cir. 2007) (district court lacked authority to assess jury costs against defendant as cost of prosecution); *United States v. Bevilacqua*, 447 F.3d 124 (1st Cir. 2006) (trial court lacked authority to require defendant to pay cost of special prosecutor as a cost of prosecution).

[13] A particular criminal case may include other costs authorized by statute. *See, e.g.,* CJ §7-402 (sheriff's fees).

*District Court*

In the District Court, court costs paid by a convicted defendant are $22.50, in addition to any costs imposed under CJ §7-409,[14] which is described below. CJ §7-301(b). Some of the proceeds of this assessment under CJ §7-301 are designated for the Criminal Injuries Compensation Fund and the Victim and Witness Protection and Relocation Fund. CJ §7-301(e).

*Circuit Courts*

Costs and fees in the circuit courts are determined by the State Court Administrator and are to be uniform throughout the State. CJ §7-202(a). The State Court Administrator has issued a schedule of costs that includes criminal cases. *See* Revised Schedule of Circuit Court Charges, Costs and Fees, §II.A.3 (July 1, 2010), available at <http://www.courts.state.md.us/circuit/feeschedule.html>. As a general rule, costs are to be assessed against a convicted defendant in the amount of $80; a $25 charge may be assessed with respect to certain filings related to bail bonds. *Id.* A circuit court may not assess costs if the defendant is found not guilty. CJ §7-203.

*Additional Costs under CJ §7-409*

In both the District Court and the circuit courts, the court must impose additional costs in the amount of $3 against a convicted defendant. CJ §7-409(d). The revenues generated by these costs are divided between the State victims of Crime Fund and the Criminal Injuries Compensation Fund, according to a statutory formula. CJ §7-409(f). For certain enumerated crimes, both the District Court and the circuit courts are to impose additional costs against convicted defendants, the proceeds of which are distributed to the two funds mentioned above, as well as the Victim and Witness Protection and Relocation Fund. CJ §7-409(a)-(c), (e). In the circuit courts, the additional cost is $45; in the District Court, it is $35. CJ

---

[14] CJ §7-301(b)(2) actually refers to additional costs imposed "under the Criminal Injuries Compensation Act." As indicated earlier in this opinion, the cost provision of that Act has been substantially amended since the original passage of the Act in 1968 and is now recodified separately at CJ §7-409. (The rest of the Act now appears largely in the Criminal Procedure Article). The General Assembly may wish to amend CJ §7-301(b)(2) in order to provide a more precise reference to the cost provision it describes.

§7-409(b)-(c). These additional costs may not be waived by the court, unless the defendant is indigent. CJ §7-405.

### 2. Costs of Criminal Cases in the Appellate Courts

In cases before the appellate courts, costs include "any cost other than counsel fees necessary for the prosecution of an appeal, application for leave to appeal, or filing a petition for writ of certiorari including but not limited to":

- clerk's fees,

- the cost of preparing a transcript of the testimony,

- the cost of preparing and transmitting the record, and

- the cost of the briefs, appendices, and printed record extract.

CJ §7-101; *see also* CJ §7-104. Pursuant to statute, the State Court Administrator has established a schedule of clerk's fees. *See* Revised Schedule of Fees to be Charged by the Clerk of the Court of Appeals and the Clerk of the Court of Special Appeals (January 1, 1995), *reprinted in* Editor's Note to CJ §7-102 (2006 Repl. Vol.).

Costs may be assessed against the State in a criminal appeal. In that instance, the political subdivision in which the case originated is to pay those costs, upon notice by the Attorney General. CJ §7-104(b). Conversely, if costs are assessed against the defendant, they are to be paid to the jurisdiction in which the case originated. If the defendant fails to pay them, the State's Attorney is authorized to recover them for the political subdivision. CJ §7-104(c).

### III

### Conclusion

In our opinion, the "costs of prosecution" assessed against a convicted defendant are the court costs associated with the criminal case. They are assessed by the court in which the prosecution took

place, in accordance with the statutes defining costs and schedules adopted by the State Court Administrator.

Douglas F. Gansler
*Attorney General*

Robert N. McDonald
*Chief Counsel*
  *Opinions and Advice*